CASE 82—PETITION EQUITY—NOVEMBER 21.

# Jennings vs. Crider.

APPEAL FROM OLDHAM CIRCUIT COURT.

1. As part of the contract and part of the consideration of the purchase of real estate, the vendee agreed and promised by parol to take up and pay a note which his vendor owed on the same property. Such a promise, being a new contract for a valid consideration, is binding, and does not come within the statute.

2. A witness who has no direct interest in the issue under trial, and is not a party to the action, is not rendered incompetent because he has a similar cause of action against the same parties.

W. S. PRYOR,                                           For Appellant.

S. E. DeHAVEN and JOHN M. HARLAN,          For Appellee,
                        CITED—
   6 *Dana*, 168; *Blisor vs. Scott*.
   3 *B. M.*, 50; *Burks vs. Chrisman*.

Jennings vs. Crider.

*Civil Code, sections* 728, 729.
2 *Revised Statutes*, 398.
12 *B. Mon.*, 361–2.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

About the first of November, 1864, A. Murdock and William Jennings sold to G. I. Todd a lot of ground with a steam mill thereon, situate on the Ohio river, near the town of Westport, in Oldham county, at the price of two thousand seven hundred dollars, payable as follows: two hundred and fifty dollars cash, and for two thousand dollars Todd assumed and agreed to pay two notes to Jones, of one thousand each, given by Murdock and Jennings for the property, and secured by a lien upon it; and for the residue of five hundred dollars, Todd gave a note to William Jennings, payable in bank at four months from its date, and executed by himself as principal, and James Garrett, W. A. Crider, and Thomas W. Jennings, as his sureties. Murdock and William Jennings executed a deed to Todd which was not recorded, and afterwards Todd sold the property to the appellant, Thomas W. Jennings, in consideration of his undertaking to assume and pay the two notes of one thousand dollars each, given to Jones, for which the property was in lien; and also the note of five hundred dollars given as aforesaid to William Jennings; and Todd delivered over to the appellant, Jennings, the unrecorded deed, with other papers relative to the title, and gave him an order to Murdock and William Jennings to make another deed conveying the property to him; and in pursuance of this arrangement Murdock and William Jennings and wife, on the 2d day of June, 1865, executed a deed for the property to T. W. Jennings, reciting the consideration in the deed to be seven hundred and fifty dollars cash

in hand paid, and the assumption of the payment of said two notes of one thousand dollars each.

T. W. Jennings having failed to pay the debt of five hundred dollars, Crider, as one of the sureties of Todd, was compelled to pay one hundred and sixty-six dollars thereof, to recover which he brought this action against Jennings. It is alleged in the petition that the plaintiff and his co-sureties of Todd were entitled to have themselves substituted for the payee of the note, and thus have enforced a lien on the mill property for their relief, and that they relinquished that right and consented to the sale to the defendant, upon his undertaking to exonerate them by paying the debt as aforesaid.

The answer of the defendant denies the material averments of the petition, and alleges that the defendant purchased the property from Murdock and Jennings, as their deed purports to show, and also relies on the statute of frauds to exempt the defendant from liability on the alleged agreement to pay the debt of Todd and his sureties of five hundred dollars, the agreement, if made at all, being in parol.

The court, on hearing the cause, rendered a judgment for the plaintiff, from which Jennings has appealed to this court.

The depositions of Garrett and Todd were taken by the plaintiff, and excepted to by the defendant, and one question is as to their competency. It is insisted for the appellant that Garrett was not a competent witness for Crider, because, if the latter was entitled to recover on the alleged agreement the amount claimed, Garrett also might recover on it a like sum paid by him as one of the sureties of Todd. But whatever effect this might have on the credit of the witness, it does not bring him within the class of persons enumerated by *section* 670

*of the Civil Code* as incompetent to testify. Garrett was not a party to the issue, and the judgment of the court upon it could not be used as evidence, either for or against him; he was not, therefore, legally interested in the result of the cause. Todd might have been interested in the success of Crider, because the satisfaction of Crider's claim by Jennings would relieve him of liability to Crider; but he appears to have been released from that liability, and was, therefore, a competent witness when he gave his deposition.

The evidence, we think, sufficiently establishes the alleged parol undertaking of the appellant to discharge the debt of five hundred dollars, and thus relieve both Todd and his sureties of it, as part of the consideration of the mill property; and this was not, in our opinion, a mere collateral undertaking to "answer for the debt, default, or misdoing" of Todd, but was a new contract on a distinct and amply sufficient consideration for the non-performance of which the appellee, who was a party to it and to be benefited by it, had a right to maintain his action against the appellant.

This conclusion seems to conform to the opinion of this court in *Creel vs. Bell & Co.* (2 *J. J. Marshall*, 309), where it was held that the Independent Bank of Columbia, being indebted to Bell & Co., as depositors, and Creel, who was indebted to the bank, having obtained the consent of Bell & Co. to the use of their means by the bank on his promise to pay his own debt into the bank to reimburse Bell & Co., the agreement of Creel was not within the statute of frauds, and Bell & Co. could recover thereon against him.

It seems to us, therefore, that whether the appellee was entitled to be relieved by subrogation to the rights

and lien of the original vendors of the property, or whether such right was or not waived or merged in the contract of the appellant, the judgment as rendered was not erroneous.

Wherefore, the judgment is *affirmed.*