JUDGE PETERS
delivered the opinion of the court:
Appellant alleges in his petition that Dagby & Parker owed him a balance for rent, and in consideration that he agreed to and did release Parker from his obligation to pay him, the appellees, the Cloes, agreed and promised to deliver to him in Colemansville eighteen barrels of corn; that they failed to deliver the corn according to their contract, and he therefore prayed judgment against them for the value of the corn, which he alleges was ninety dollars.
In their answer, the appellees deny that they, or either of them, agreed to deliver appellant eighteen barrels of *564 corn at the time or place named in the petition, or any quantity of corn at any other time or place, in consideration that he would release Parker from his obligation to pay him rent, or upon any other obligation. They deny that they have any knowledge or information sufficient to form a belief whether appellant released Parker for his said obligation or not; and deny that they are under any obligation to pay the sum claimed, or any other sum.
On the issues thus made by the pleadings, the parties went to trial, and the allegations of the petition were sustained by the evidence; but the court peremptorily instructed the jury to find for appellees, and the jury found accordingly ; and appellant’s motion for a new trial having been overruled, he has appealed to this court.
The circuit judge was of the opinion, doubtless, that the promise as proved was within the inhibition of the statute against frauds and perjuries.
The question involved is, did the debt on Parker continue to exist after the agreement of appellees to pay it, or did it afterwards become their debt; for if the relation of creditor and debtor still existed between Day and Parker, the promise of appellees to pay it was but a promise to pay the debt of a third person, and should be in writing. But if, on the other hand, Parker was released from his obligation by Day, and appellees became his debtors, the undertaking was to pay their own debt, and no writing was necessary. Nor was it necessary that the release of Parker should be in writing to be effectual.
As there was evidence conducing to prove that Parker was released, and appellees, in consideration thereof, promised to pay the debt to appellant, the facts should have been submitted to the jury, and the peremptory *565 instruction to find for appellees, was unauthorized and erroneous.
Wherefore, the judgment is reversed, and the cause remanded, with directions to award a new trial, and for further proceedings not inconsistent with this opinion.