JUDGE PETERS
delivered the opinion of the court.
Carico sold two acres of land in or near Owensboro to Felix Blandford, and executed to him a bond for a conveyance of the same when the whole of the purchase price was paid; a part of which was paid down, and two notes for two hundred *343 dollars each executed for the residue, payable at future periods. Blandford assigned Carico’s title-bond to appellant, and Carico assigned Blandford’s notes for the unpaid price to Jackson.
In December, 1860, Carico conveyed the land to appellant, reserving no lien on it for the unpaid installments. Appellant sold the land to Murphy; and finally Stirman purchased it under a judicial sale, and got the legal title.
In 1866 Jackson brought this suit in equity against Bland-ford’s heirs (he having died), Stirman and Hodgkins, to coerce the payment of one of the notes assigned to him by Carico, claiming a lien on the land; and if he failed in that he prayed a personal judgment against Hodgkins, alleging that Carico made him the deed with the promise on his part that he would' pay Jackson the two notes he held for the unpaid price.
On final hearing judgment was rendered against Hodgkins for the debt, and he has appealed.
Anthony, who was the only witness examined in the case, proves that appellant told him, in a conversation with him on the subject, that Carico made the deed to him for the lot with the understanding and agreement on his part that the two notes for two hundred dollars each held by Jackson were a charge on the lot of ground, and that Hodgkins was to pay said notes, and promised to do so; that he had paid off one, or secured it by giving Wing as his surety, and was to pay the last.
It does not appear whether he had paid Blandford the price agreed upon or not; but at the time the conveyance was made to him the lot was bound for the notes held by Jackson, and the promise to pay them was founded on a valuable consideration to get the lien removed and a conveyance of the lot. It then became his own- debt, and he could not avail himself of the statute against frauds and perjuries, and the acknowledgment of the debt and promise to pay it, as proved by Anthony, took it out of the operation of the statute of limit *344 ations, so that he was not prejudiced by the refusal of the court below to permit the amended answer to be filed pleading said statutes.
Judgment affirmed.