JUDGE COFER
delivered the opinion oe the court.
“ All demands against the estate of a decedent shall be verified by the written affidavit of the claimant, or in his absence from the state, by his agent; or if dead, by his personal representative, stating that the demand is just, and has never, to his knowledge or belief, been paid, and that there is no offset or discount against the same, or any usury therein.” (Sec. 35, art. 2, chap. 39, Gen. Stat.) And section 39 of the same article and chapter provides, that “No demand against a decedent’s estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by affidavit as required herein.”
The claim sued on in this case was not verified as required by the first of the foregoing sections.
The statement in the affidavit is, “that there is no just offset or discount in his said claim, nor any usury embraced therein.”
The difference between the language “ offset or discount in said claim,” used in the affidavit, and the language “ offset or discount against the same,” used in the statute, may not be material, but it is better in such cases to pursue the language of the statute.
The qualifying word “just,” used in the affidavit but not in the statute, is, however, material and fatal.
In the corresponding section in the Revised Statutes the word just was used, and in our opinion its omission from the revision was intended to change the law. The use of that word put it in the power of one having a claim against the estate of a decedent to evade the disclosure the statute was intended to require. He might regard a set-off or discount, which he knew existed, as unjust, and might be tempted to appease his conscience by the use of that qualification, when if not allowed to use it, he would make full disclosure.
*426 It is, however, needless to speculate on the subject; the language of the statute is plain, and the difference between saying there is no just offset or discount, and that there is none at all, either just or unjust, is obvious.
Section 36 of the article and chapter supra provides, that the verification by the claimant shall not be held to dispense with other proof of the demand as required by law; and section 37 provides, that “ Before such affidavit is made, no action shall be brought or recovery had, on any such demand,' nor until demand of payment thereof has been made of the personal representative, accompanied by affidavit of its justice.”
The evident object of these various provisions is to require that every claim against a decedent’s estate shall, before suit be brought thereon against his personal representative, be verified, proved, and presented to such personal representative in such form that he may pay it, and upon obtaining the receipt of the claimant and possession of the evidences of the debt which are presented, have a voucher entitling him to a credit in the settlement of his accounts.
Every fact touching the validity of the claim, which, in a suit thereon, it would be necessary to aver in the petition; should be proved by the evidence tendered to the personal representative, and if this is not done, he will not only be justified in refusing payment, but it is his duty to refuse. He is not bound to tax himself, and has no right to tax the estate with the cost of obtaining records or other evidence to complete the evidence of the claim.
The claim of the appellant was for taxes which he alleged were due to the Commonwealth and to Pendleton County for the years 1860 to 1867, inclusive, on land which the intestate sold and conveyed to him with covenant of general warranty in 1871.
Unless the necessary steps were taken, neither the com *427 monwealth- nor the county had a lien upon the land, and unless there was a lien, the appellant could not make the intestate his-debtor by paying the taxes.
In order to show the existence of a lien, it was necessary to show that the land had been legally assessed for the several years included in the claim; and in order to show the amount of taxes, it was necessary to show the. value at which it was assessed each year. Neither was done.
It was alleged in the petition that the land was assessed at $2,400 each year, and that the county tax for the years 1865 and 1866 (the only years for which he claimed to have paid county taxes), was fifty cents on the $100 of the value of the land. The amount claimed to have been paid was $233.11 for state and $22.84 for county taxes.
At the rate at which the court judicially knows taxes were levied by the state for the years named, the amount claimed to have been paid to the state was greatly in excess of the taxes, and if that amount was due at all, it was made up in large part of penalties imposed for non-payment of the taxes, and it was necessary to show that the steps required in order to impose the penalty claimed, had been taken in conformity to the statute. Nothing of the kind was done, and there was in these respects a failure of even an attempt to make the necessary proof before suit brought.
The only evidence tendered to the personal representatives of the existence of the claim of-the commonwealth, or of the county, was contained in the affidavit of a witness who stated that he knew the sum claimed was due the state and county for the non-payment of taxes upon the land for the years 1860 to 1867, and was a just charge and lien on the land, and that the appellant had paid said taxes to the state and county. There was no evidence whatever that the county had levied taxes for either of the years named, or if so, what the rate was. The statement that the taxes were a lien on the land, was *428 but the opinion of the witness of a matter of law, and without the facts necessary to sustain the opinion.
The statement that the appellant had paid the taxes to the state and county was also but an opinion. If the claim had been for the payment to an individual of a debt which was a lien on the land, the statement that the witness knew it had been paid might possibly have been sufficient, though it would have been better if he had stated how he knew it, as for instance, that he saw it paid. But the taxes were due, if at all, to the state and county, and could only be paid to some one representing them and having authority to receive payment; and it was therefore necessary to show to whom payment was made, that it might appear that the payment was valid.
For these reasons we think the court properly dismissed the action for failure, before suit brought, to make demand of the personal representatives accompanied by legal proof of the demand.
Judgment affirmed.