PRIREY & SANDERS *v.* W. F. CONWAY'S ADM'R.

**Demand Before Suit—Estates.**

The failure to make requisite preliminary proof and to demand payment before commencing suit against a personal representative on a demand due from the decedent must be taken advantage of by affidavit and rule.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 23, 1879.

OPINION BY JUDGE COFER:

The affidavit of the appellants was not sufficient, as was decided in *Leach v. Kendall's Adm'r,* 13 Bush 424.

But as said in *Thomas' Ex'r v. Thomas,* 15 B. Mon. 178, "The cause of action was complete, and the petition would be good without" an averment of demand accompanied by the required affidavit. And the court there laid down the rule that has ever since been followed, that the failure to make the requisite preliminary proof and to demand payment before commencing suit against a personal representative on a demand due from the decedent must be taken advantage of by affidavit and rule. In that case the defendant answered, and a trial was gone into before the objection for the want of the required affidavit was taken, and the court held that it came too late, and intimated it should have been taken before answer, and such we believe has since been the uniform practice. See also *Rogers v. Mitchell,* 1 Met. 25. This is a reasonable and convenient rule and we think ought not to be departed from.

That the demand shall be proved and presented for payment before suit is brought is merely intended to enable the personal representative to pay it if he chooses without suit, and when he has answered to the merits it is rendered certain, if he is to be credited with good faith, that he would not have paid it if demand had been made accompanied by proper proof and affidavit, and it is thus shown that the interest of the decedent's estate has not been prejudiced by the omission. The personal representative may, therefore, waive such proof and demand when he means to contest the claim, and when he answers without taking the objection he should be deemed to have waived it.

But the statute also goes on to declare that no recovery shall be had until such affidavit is made (Sec. 37, Art. 2, Chap. 39, Gen. Stat.), and that no demand against a decedent's estate shall be paid by, or allowed as a credit to, a personal representative which is not verified by affidavit as required by its provisions. This is required in order to purge the conscience of the claimant, and cannot be waived by the personal representative; and it is error to render a judgment against him, even though he should make default, unless the record shows that the required affidavit has been made. *Worthley's Adm'r v. Hammond,* 13 Bush 510.

The only benefit to the estate which can result from requiring

affidavit, proof and demand before suit is that, if so inclined, the personal representative may pay it and avoid the costs of a suit.

When the personal representative intends not to pay because he does not believe the demand is legal and just, nothing is lost to the estate by failure to make the demand accompanied by the proper proof and verification; and hence there is no reason why in such a case he may not be permitted to waive it.

But something of advantage to the estate may be disclosed by the affidavit of the claimant, and as it is impossible for the personal representative to know until the affidavit is made what it may disclose he ought not to be allowed, much less be presumed, to waive it.

The appellee's plea of another action pending cannot bar this appeal. This court cannot enter into an inquiry such as would become necessary on an issue of that kind. We must act upon the record as we find it, and cannot affirm an erroneous judgment or dismiss an appeal on account of facts occurring after the judgment appealed from was rendered, and which in no way affects the status of the parties in court.

Judgment *reversed* and cause remanded with directions to overrule the motion of the appellee, and for further proper proceedings.

*Hargis & Nowell, for appellants.    Ross & Kennedy, for appellee.*