CASE 105—PETITION EQUITY—FEBRUARY 16.

# Fain, &c. v. Turner's Administrator.

APPEAL FROM GARRARD CIRCUIT COURT.

1. CONSIDERATION FOR PROMISE.—Where a father had advanced to each of his other children one thousand dollars more than he had advanced to each of two daughters, and after the father's death the mother promised the daughters to pay them one thousand dollars each if they would not bring suit and would allow the father's estate to be distributed without regard to advancements, which was done, there was a sufficient consideration for the mother's promise.

2. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.—The promise was not within that section of the statute of frauds which forbids an action upon a verbal promise to pay the debt of another, as the amount to which the daughters were entitled out of their father's estate can not be regarded as a debt due them. But even if it could have been so regarded the statute still does not apply, as the person owing the debt (whoever that may be) was released in consid-

Fain, &c. v. Turner's Administrator.

ation of the mother's promise, which was an independent promise to pay absolutely, not on condition of default or misdoing of another.

3. SAME—AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.—The promise was not within that part of the statute inhibiting an action upon a verbal agreement, which is not to be performed within one year from the making thereof, as the contract to be within that statute must be one which is necessarily not to be performed within a year.

4. PROOF OF CLAIMS AGAINST DECEDENT'S ESTATE.—The proof of the claims of the daughters against the deceased mother's estate is sufficient to satisfy the requirement that, "every fact touching the validity of the claim which in a suit thereon it would be necessary to aver in the petition should be proved by the evidence tendered to the personal representative," the statements of the affidavits showing that each of the claimants in consideration of the mother's promise relinquished her right to one thousand dollars of her distributable share of her father's estate. And as the affidavits made a prima facie case, a demurrer to them was improperly sustained.

R. P. JACOBS FOR APPELLANTS.

1. There was a sufficient consideration to uphold the mother's promise.

2. The claims of appellants are not within the provision of section 4 of the statute of frauds. (Creel v. Ball & Co.. 2 J. J. Mar., 316; Day v. Cloe, 4 Bush, 564; Hodgkins v. Jackson, 7 Bush, 343.)

Nor are they within the denunciation of section 7 of the statute against contracts not to be performed within a year. (Walker v. Johnson, 96 U. S., 424; Myles' Ex'rs, &c., v. Myles, 6 Bush, 237.)

R. H. TOMLINSON OF COUNSEL ON SAME SIDE.

W. O. BRADLEY AND EDWARD W. HINES FOR APPELLEES.

1. Every fact touching the validity of the claim which, in a suit thereon, it would be necessary to aver in the petition, should be proved by the evidence tendered to the personal representative. (Leach v. Kendall, 13 Bush, 426.)

2. There was no consideration for the mother's promise unless appellants had a valid claim against their father's estate. An agreement to forbear the prosecution of a suit which clearly can not be maintained is no consideration for a promise. (Cline & Co. v. Templeton, 78 Ky., 550.)

3. The affidavits do not show a valid claim against the father's estate, as it does not appear that the gifts alleged to have been made to the other children were chargeable to them as advancements. It is not every gift of money or property to a child by the parent that is chargeable as an advancement under the statute, and even if the

word "advanced," was used in the statutory sense, it was but a conclusion of law.  (Clark v. Clark, 17 B. M., 707; Gen. Stats, chap. 31, sec. 15.)

4. The mother's promise is within the statute of frauds.  (Jones v. Walker, 13 B. M., 360; Leiber, Griffin, &c. v. Levy, 3 Met., 292; Thwaits v. Curl, 6 B. Mon., 472.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

W. H. Fain, administrator, brought an action to settle and distribute the estate of Rolinda Turner, making her heirs-at-law defendants, two of whom, Eliza J. McDonald and Mary E. Fain, filed claims which were for the same amount and of the same character.    Neither of the claims was formally pleaded, but there was a statement of the nature and cause of each, and a prayer that they be filed and allowed. It was, therefore, probably not improper to determine, on the demurrer filed by the other heirs, as the lower court did do, whether the statements, accompanied as they were by affidavits, are sufficient to support the respective claims.    Each statement is substantially as follows :

William Turner, father of Mrs. McDonald and Mrs. Fain, gave and advanced to his other children and heirs money, property and *other things* of the value of one thousand dollars, over and above what he had given and advanced at the time of his death to either of the two claimants ; that he died so suddenly as to prevent disposal of his property by will, but stated he had advanced to his other children the excess mentioned, and desired said sums be given out of his estate to make the two claimants equal; that after his death they demanded of the administrator of his estate and other heirs to make them equal, but were

refused; that they were about to institute suit to re-
cover said claims when their mother, Rolinda Turner,
desiring to prevent litigation between her children,
but also to have the two made equal with the others,
agreed and promised that if they would not bring
suit, and would consent for the estate of their father
to be settled and distributed so as to allow each child
and heir to retain an equal share without reference
to previous advancements, she, Rolinda Turner, would
pay them each one thousand dollars, and interest,
thereby making equality; and that, relying upon and
in consideration of said promise, they forbore bring-
ing suit for the purpose mentioned, and consented to
equal distribution of their father's estate without ref-
erence to any advancements.

The grounds upon which was rendered the judgment
sustaining demurrer to and dismissing each claim are,
that the alleged provision is without consideration,
and within the statute of frauds and perjuries.

According to the statement of facts by Mrs. Fain
and Mrs. McDonald, which on trial of the demurrer
must be taken as true, they were each entitled to one
thousand dollars of their father's estate in excess of
the shares of other distributees; but at the request
of their mother and upon faith of her promise, they
forebore to sue for or claim, and thereby lost, the
amount. It seems to us, if detriment or inconven-
ience sustained by a plaintiff at request of defendant
can in any case constitute consideration for a promise,
it does in this case.

The statute which it is argued prohibits enforce-
ment of the promise or agreement in question, pro-

vides that no action shall be brought to charge any person : First, upon a promise to answer for the debt, default or misdoing of another; nor, second, upon any agreement which is not to be performed within one year from the making thereof, unless the promise or agreement, or some memorandum or note thereof be in writing and signed by the party to be charged therewith.

Mrs. Rolinda Turner did not promise to answer for the debt, default or misdoing of another in meaning of the statute, nor according to any other proper meaning of those terms. The father of claimants was not indebted nor bound while living to pay either of them one thousand dollars; consequently, was not in default nor guilty of any misdoing in failing to give or advance that sum. But after his death they became entitled to it, not as a debt which another owed, but in their own right under operation of the statute of descent and distribut'on, and lost it by failure to claim or sue for it.

If, however, it could have been regarded as a debt due from any person, still, according to uniform construction of the statute by this court, the promise by Mrs. Rolinda Turner would not be inhibited, because, whoever, if any person, may have owed them was released, and hers was an independent promise to pay absolutely, not on condition of default or misdoing of another. (Wagner v. The Bells, 4 Mon., 8; Day v. Cloe, 4 Bush, 563; Myles' Ex'ors, &c., v. Myles, 6 Bush, 237.)

Nor does the promise come within that part of the statute inhibiting an action upon a verbal agreement

which is not to be performed within one year from the making thereof. For, as equally well settled by this court, a contract to be within that statute must, in language of Howard's Adm'r v. Burgen, 4 Dana, 137, be one "which is necessarily *not to be performed* within a year." There was no time fixed for performance of the agreement here in question, and, therefore, it was not necessarily to be postponed beyond a year, but might have been performed within that period, or even immediately.

It is, however, contended that, applying the rule stated in Leach v. Kendall's Adm'r, 13 Bush, 424, the claims ought to have been disallowed because not supported by sufficient proof. In that case it was held that, "every fact touching the validity of the claim, which in a suit thereon it would be necessary to aver in the petition, should be proved by the evidence tendered to the personal representative, and if it is not done, he will not only be justified in refusing payment, but it is his duty to refuse. He is not bound to tax himself, and has no right to tax the estate, with the cost of obtaining records or other evidence to complete evidence of the claim."

It seems to us there does accompany statement of each claim proof of all essential facts touching validity of it, and to give to the claimants a *prima facie* right to judgment for amount each claims; for not only do they state and prove their father said he had made advancements to his other children in excess of what had been advanced to the two claimants, and desired them made equal out of his estate, but it is substantially and sufficiently stated and proved that

Mrs. Rolinda Turner was cognizant of the fact when she made the promise in question.

It is further argued that the phrase, "other things," used in the statement of the claimants, excludes the idea the other heirs had received as much as one thousand dollars as *advancements* more than they had gotten. But even if that was sufficient to invalidate the entire claim, the statement was amended so as to show there had been advanced such excess in money and property.

Wherefore, the judgment disallowing and dismissing the claims of appellants is reversed, and cause remanded for further proceedings consistent with this opinion.