CASE 93—EQUITY—NOVEMBER 22.

## Mudd v. Carico, Executor.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. STATUTE OF FRAUDS—ASSUMPTION OF VENDOR'S LIEN AS CONSIDERATION FOR A CONVEYANCE.—Where the purchaser of land assumes as the consideration for the sale the payment of a vendor's lien on the land, such assumption is not "a promise

to answer for the debt, default or misdoing of another" within the statute of frauds.

2. NOTES—MATURITY CLAUSE FOR DEFAULT OF PAYMENT—WAIVER OF.—Where a deed contains a stipulation that non-payment of two of the purchase money notes at maturity shall operate at the option of the payee to mature the entire purchase money, the receipt by the payee of payments on the notes is not a waiver of his right to exercise such option.

GEORGE W. JOLLY FOR APPELLANT.

1. Personal judgment against Mudd was unauthorized by the pleadings. There is no allegation in the petition of any agreement between Mudd and Carico.

2. There is no allegation that Mudd's undertaking to Carico was in writing.

3. There is no denial of defendant's allegation of waiver.

4. The written agreement could be waived by parol; and such waivers are favored in equity. 2 Jones on Evidence, secs. 447-453; Chiles v. Jones, 3 B. M., 51; Trumbo v. Curtright, 1 Mar., 582; Stark v. Wilson, 3 Bibb, 476; Keating v. Price, 1 Johnson's Cases, 22; 4 Starkie on Contr., 1048; Chitty on Contr., 27; Grafton Bank v. Woodward, 5 N. H., 99; s. c. 20 Am. Dec., 566; Bissell v. Barry, 115 Mass., 300; Cutter v. Cochrane, 116 Mass., 408; McCreery v. Day, 119 N. Y., 1; s. c. 16 Am. St. R., 793-4 and note; Marshall v. Vicksburg, 15 Wall., 146; Farnsworth v. Railroad Co., 92 U. S., 49; Story's Eq. Jur., vol. 2, ch. 34; Insurance Co. v. Norton, 96 U. S., 234; Insurance Co. v. Eggleston, Ibid., 572; Beard v. Smith, 6 Mon., 430; Railroad Co. v. Geoghegan, 9 Bush, 56; Van Syckle v. O'Hearn. 50 N. J. Eq., 173; Faxon v. Faxon, 28 Mich., 159; Burk v. Grant, 116 Ill., 124; Frayser v. University, 39 Ind., 556; Maher v. Lanfrom, 86 Ill., 513; Albert v. Grosvenor Investment Co., L. R. 3 Q. B., 123-127.

WILFRED CARICO AND LITTLE & LITTLE FOR APPELLEE.

1. The petition alleges a promise by appellant to Hayden to pay the debt of the latter to appellee, and such a promise was binding. North v. Robinson, 1 Duv., 71; Davis, Moody & Co. v. Wiley, 3 Ky. Law Rep., 755.

2. If the contract as stated in the petition, is susceptible of two constructions, by one of which it is valid and by the other

invalid, the construction will be adopted that will uphold the
contract and the judgment.  Anderson v. Baughman, 7 Mich.,
69; 74 Am. Dec., 699; Clinton v. Hope Ins. Co., 51 Barb., 651;
Griffy v. N. Y. Cent. Ins. Co., 100 N. Y., 421; Hoffman v. Aetna
Ins. Co., 32 N. Y., 405; 88 Am. Dec., 337, note; Hickman v.
Southerland, 4 Bibb, 194; Arnett v. Com., 5 Ky. Law Rep., 178.

3. The second sale or conveyance by Hayden to Mudd, was in effect
   a mere release, they being at the time joint tenants.  Van
   Santvoord's Pl., 185.

4. The promise is alleged, to whom made, and by whom made.
   Davis, Moody, &c. v. Wiley, 3 Ky. Law Rep., 755.

5. Everything necessary to sustain the judgment of the inferior
   court, not inconsistent with the facts in the record, will be
   presumed.  Arnett v. Com., 5 Ky. Law Rep., 178.

6. Where four notes were given for a lot, with the condition
   that if any two matured and were unpaid, all should become due
   at the holder's option, the condition is broken, if two notes
   have matured and part of each is unpaid.

7. The allegation of an answer that "the right to insist on a
   breach of a certain condition" was waived and relinquished,
   is a mere conclusion—the facts showing such waiver not being
   alleged.  Van Santvoord's Pl., 180.

8. Waiver must be founded on agreement or estoppel, and if on
   agreement, a consideration must appear.

9. A forfeiture for non-payment of money will not be relieved
   against, except payment is made or offered.  2 Story's Eq., 1314;
   Smith v. Mariner, 5 Wis., 551; 68° Am. Dec., 73, note.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The petition herein alleges that in 1893 the appellee Wil-
fred Carico, as executor of B. F. Dougherty, sold to Je-
rome Hayden a certain lot in the city of Owensboro, the
consideration being $5,000, of which sum $1,000 was paid
cash, and notes of $800 each were executed for the
balance; that in November, 1895, Hayden and wife sold,
and by deed conveyed, to appellant, Mudd, a one-half un-
divided interest in the property, the consideration for the
purchase, among other things, being "that the said Mudd
assume and pay to the plaintiff one-half of the aforesaid

[46]

purchase money then due and to become due thereon, and said Mudd so assumed and so promised to pay;" that afterwards, in 1896, Hayden sold to appellant the remaining one-half interest in said property, the consideration for this last interest being that Mudd was to assume and pay. the remaining half of the purchase money. To this petition appellant filed an answer by which it is pleaded that there was in the deed from the appellee to Hayden a stipulation, viz.: "It is understood and agreed by the parties hereto that, in the event any two of said notes become due and be unpaid, the said party of the first part (appellee) may treat them all that are unpaid as due, and enforce his lien for same." Appellant then pleads certain payments made on the notes, and alleges that, by receiving said payments, appellee waived his right to treat the notes as due, and to enforce his lien. A demurrer was sustained to this answer, and appellant failing to plead further, judgment was rendered for the sum due, and enforcing the lien. From that judgment this appeal is taken.

It is insisted by counsel for appellant that, taking the petition most strongly against the pleader, the averment quoted above means a promise to plaintiff to pay the notes of Hayden, and this, not being alleged to be in writing, was within the statute of frauds, and no recovery could be had thereon. Conceding that the petition states that the promise was made by appellant to appellee, and was yet the consideration of the lot deeded by Hayden to appellant, it was not within the statute of frauds. It was an undertaking by appellant to pay off his own obligation. Jennings v. Crider, 2 Bush, 322 [92 Am. Dec., 487]; Hodgkins v. Jackson, 7 Bush, 342; and the recent case of Daniels v. Gibson, 20 Ky. Law Rep., 847 [47 S. W., 621].

The demurrer to the answer was properly sustained, as

the facts plead, viz., the receipt of payments on the notes, did not operate as a waiver of the contract right to treat all notes as due, if two remain unpaid after they become due. This provision did not mean that the two notes must be wholly unpaid, but that, if two were not fully paid, the appellee could treat all as due. Finding no error, the judgment is affirmed, with damages.