## Kushner v. Knopf.

(Decided December 7, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

Evidence—Corporation Minutes, Reciting that Officer Would Release Another on Notes and Settle them with Third Officer, are Competent Admissions, but Not Conclusive.—Minutes of corporation meeting, reciting that one officer agreed to release another's obligation on three notes and to settle them with another officer, which minutes were signed by all three officers, are competent against each as an admission, but not conclusive on any one.

GIFFORD & STEINFELD and CLYDE F. TODD for appellant.

WALTER F. ALT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

David Kushner brought this suit against Peter C. Knopf to recover on three notes, each for $500.00, executed to him by Knopf. Knopf by his answer pleaded, in substance, that Kushner had made a contract with him and George Jawney, by which he agreed, for certain considerations, to release Knopf and to look to Jawney for the payment of the notes and that Jawney had paid the notes. Kushner by his reply denied making the agree-

ment alleged by Knopf and denied that the notes were paid. The case came on for trial. The court ruled the burden of proof to be on the defendant. Thereupon Knopf introduced himself as a witness and also the deposition of Jawney showing these facts.

Some years before the notes were given Kushner and Knopf had formed a corporation in Chicago, where they then both resided; each owned one-half the stock, except three shares, two of which were held by their wives and one by George Jawney, who was an employe of the corporation. It was agreed in a written contract between Kushner and Knopf that as Knopf was indebted to Kushner in the sum of $1,500.00, as evidenced by the notes above referred to, Knopf's stock should not be transferred to any one until these notes were paid, and that neither of them should sell his stock to another without first giving the other an option to buy the stock at the price named. After this the following entry was made on the book of the corporation in which the acts of the directors were recorded:

"April 13, 1923. A special meeting was called by the directors for the purpose of changing officers. All directors were present, either in person or by proxy. Those present were D. Kushner, P. C. Knopf and George Jawney. Those represented by proxy were Mrs. D. Kushner and Mrs. Lillian R. Knopf. P. C. Knopf, secretary and treasurer, said he would not hold the office any longer, and his resignation was accepted. A motion was made by Mr. P. C. Knopf and seconded by D. Kushner that Mr. Geo. Jawney be elected at once as secretary and treasurer at a salary of $60.00 per week. Then a motion was made by Mr. Geo. Jawney and seconded by Mr. Kushner that P. C. Knopf be elected vice president at a salary of $40.00 per week. Mr. Kushner gave Mr. Jawney permission to buy Mr. Knopf's interest. He also said he would release Mr. Knopf's obligations of the three notes and agreed to settle the said notes between himself and Mr. Jawney.

"DAVID KUSHNER (signed),
President.
"P. C. KNOPF (signed),
Vice President.

"(Signed)
GEORGE JAWNEY,
Sec. and Treas."

Knopf and Jawney testified that at this time Kush-ner agreed for Jawney to buy Knopf's stock, and also agreed to release Knopf from the three notes and to look to Jawney for the payment of the notes. At the conclusion of the evidence for the defendant the court ruled that the writing above quoted was conclusive upon Kushner and refused to allow him to give any evidence that he had not made the agreement above stated or that the writing which was drawn by Knopf did not express correctly the agreement that was made. Over the objection of the plaintiff the court instructed the jury peremptorily to find for the defendant. Kushner appeals.

In State v. Guertin, 130 A. S. R. 610, the rule as to the conclusiveness of corporation records is thus stated:

"Minutes of corporation meetings are only the *prima facie* record of the proceedings. Thompson on Corporations, sec. 7739; Vanhook v. Somerville Mfg. Co., 5 N. J. Eq. 137; Bay View H. Assn. v. Williams, 50 Cal. 353."

To same effect see City, &c., Railway Co. v. Nat. Ex. Bank, 54 A. S. R. 282; 7 R. C. L. 154; 14 C. J. 277.

"The minutes of a corporation are not evidence of an agreement alleged to have been made by the stockholders as individuals, and not intended to bind the corporation." 17 C. J. 402.

To same effect see 22 C. J. 898.

As the writing above quoted was signed by all three of the men as officers of the corporation it is competent against each of them as an admission, but it is not conclusive upon any of them, and each of them may show by other evidence what the truth in fact is, and whether the agreement then in fact made was complied with. The circuit court erred in holding the entry conclusive upon the parties and refusing to allow the plaintiff to show what he alleged was the real contract.

Judgment reversed and cause remanded for a new trial.