## Kushner v. Knopf.

(Decided January 15, 1929.)

370

GIFFORD & STEINFELD for appellant.

WALTER F. ALT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

David Kushner owned a dry-cleaning establishment in Chicago, which he conducted under the name of Woodlawn Cleaners & Dyers. The business was afterwards incorporated under the name of K. & K. Kleansers, and the stock was divided equally between Kushner and Peter C. Knopf, except that the wife of each held one share. Afterwards an employee, George Jawney, acquired one share. In payment for his stock, Knopf executed to Kushner three notes, each for $500. It was agreed be-

tween the parties that neither should sell his stock without first offering it to the other, and that neither should sell to any one objectionable to the other.

This action was brought by Kushner against Knopf to recover on the notes. Knopf defended on the ground that he, Kushner, and George Jawney had entered into a contract by which Kushner agreed to release him and look to Jawney for payment of the notes, and that Jawney had agreed to pay and did pay the notes. The court ruled that the burden of proof was on the defendant. Knopf testified, and introduced the deposition of Jawney. There was also introduced in evidence the following entry on the books of the corporation:

"April 13, 1923. A special meeting was called by the directors for the purpose of changing officers. All directors were present, either in person or by proxy. Those present were D. Kushner, P. C. Knopf and George Jawney. Those represented by proxy were Mrs. D. Kushner and Mrs. Lillian R. Knopf. P. C. Knopf, secretary and treasurer, said he would not hold the office any longer, and his resignation was accepted. A motion was made by Mr. P. C. Knopf and seconded by D. Kushner that Mr. Geo. Jawney be elected at once as secretary and treasurer at a salary of $60.00 per week. Then a motion was made by Mr. Geo. Jawney and seconded by Mr. Kushner that P. C. Knopf be elected vice president at a salary of $40.00 per week. Mr. Kushner gave Mr. Jawney permission to buy Mr. Knopf's interest. He also said he would release Mr. Knopf's obligations of the three notes and agreed to settle the said notes between himself and Mr. Jawney.

"David Kushner [Signed]
"President.
"P. C. Knopf [Signed]
"Vice President.
"[Signed]   George Jawney, Sec. and Treas."

The court held this writing to be conclusive, and refused to permit Kushner to show that he had not made the agreement, or that the writing did not express correctly the agreement that was made. On appeal we held that, while the writing was competent against each of the parties as an admission, it was not conclusive, and that either of them might testify as to the true state of affairs.

Accordingly the judgment was reversed and the cause remanded for a new trial. Kushner v. Knopf, 217 Ky. 35, 288 S. W. 1027. On the next trial the jury found for Knopf, and again Kushner appeals.

One of the ways by which a novation may be effected is by the substitution of a new debtor in place of the old one with intent to release the latter. Russell v. Centers, 153 Ky. 469, 155 S. W. 1149. It is not essential that the assent to the terms of the novation be shown by express words to that effect, but the same may be implied from the circumstances attending the transaction and the conduct of the parties thereafter. McAllister v. McDonald, 40 Mont. 375, 106 P. 882. Though Kushner denies that he agreed to accept Jawney as his debtor in place of Knopf, there can be no doubt that the above writing, coupled with the oral evidence of Knopf and Jawney, was sufficient not only to make the question of novation one for the jury, but to sustain the verdict.

But appellant claims that he was entitled to a peremptory instruction. The basis of this contention is that Jawney's undertaking to settle the notes was a promise to answer for the debt of another, and, not being in writing, was not enforceable. Section 470, Kentucky Statutes. Passing the question whether the writing above set out was a sufficient memorandum under the statute, the following facts must not be overlooked: Jawney purchased Knopf's stock. As a part of the consideration he agreed to pay the notes which Knopf had executed to Kushner. Kushner agreed to discharge Knopf and to accept Jawney as his debtor in place of Knopf. The result is that the debt of Knopf was extinguished, and Jawney's promise to pay the notes was not a collateral undertaking to pay the debt of another, but an undertaking based upon a sufficient consideration to pay his own debt, and therefore not within the statute. Chambers v. Murphy, 192 Ky. 839, 234 S. W. 960; Fain v. Turner, 96 Ky. 634, 29 S. W. 628, 16 Ky. Law Rep. 719; Day v. Cloe, 4 Bush, 563; Creel v. Bell, 2 J. J. Marsh. 309; Armstrong v. Flora, 3 T. B. Mon. 43; Haydon v. Christopher, 1 J. J. Marsh. 382; Jennings v. Crider, 2 Bush, 322, 92 Am. Dec. 437; Hodgkins v. Jackson, 7 Bush, 342; Mudd v. Carico, 104 Ky. 719, 47 S. W. 1080, 20 Ky. Law Rep. 898; 27 C. J. 152. The reason for the rule was aptly stated by Mansfield, C. J., in Anstey v. Marden, 1 B. & P. N. R. 124, 131, 127 Reprint, 406, in the following language: ''I do not see

how one person could undertake for the debt of another, when the debt, for which he was supposed to undertake, was discharged by the very bargain.''

A reversal is asked because of the refusal of the court to give the following instruction offered by appellant: ''The court instructs the jury that the extract from the minutes of the corporation which has been read in evidence did not constitute a contract nor an agreement on the part of Mr. Kushner to release Mr. Knopf from liability on the notes sued on.''

Where evidence is not admissible generally, but is admissible only for a particular purpose, it often becomes necessary for the court to limit the scope of the evidence and instruct the jury that the evidence is admissible for a certain purpose and no other. However, the case before us is not of that kind. The purpose of the offered instruction was to limit the effect or weight of the evidence, and that practice has never been followed by this court. It follows that the refusal to give the offered instruction was not error.

The further point is made that the court erred in giving instruction No. 1, which is as follows: ''You will find for the plaintiff, Kushner, unless you believe from the evidence that Kushner agreed with Knopf and Jawney to accept Jawney as his debtor on the notes in place of Knopf, and that Jawney promised Kushner that he would pay Knopf's notes, in which event you would find for the defendant.''

It is suggested that this instruction ignores the all-important question of an agreement to release Knopf. It is true that the word ''release'' was not used, but, if it be true, as was submitted by instruction No. 1, that Kushner agreed with Knopf and Jawney to accept Jawney as his debtor on the notes in place of Knopf, and that Jawney promised Kushner that he would pay Knopf's notes, the necessary effect of the transaction was to release Knopf, and the jury could not have been misled by the form of the instruction.

As the given instruction properly presented the issue of novation, the court did not err in refusing to give the third instruction offered by appellant.

On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.