## Olive Hill Limestone Co. v. Big Run Coal & Clay Company.

(Decided November 4, 1932.)

658

JOHN M. THEOBALD for appellant.

R. C. LITTLETON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee and plaintiff below, Big Run Coal & Clay Company, brought this action in the Carter circuit court to recover of the Olive Hill Limestone Company the sum of $1,216.49 for coal sold and delivered to it.

The defendant answered denying that it was indebted to the plaintiff in any sum, and pleaded payment. Later it tendered an amended answer in which it alleged that C. A. Coleman was, at the time the coal was purchased by the defendant, president of the plaintiff, and was a member of the firm of Gay-Coleman Construction Company, a partnership, which had purchased more than $16,000 worth of stone from the defendant; that the Gay-Coleman Construction Company caused the defendant to purchase coal from plaintiff and agreed to pay the plaintiff "for said coal and deduct the same from the purchase price of stone purchased by said partnership, from the defendant, to all of which the plaintiff agreed and by resolution of its board of directors specifically authorized the same, and that it has paid said account by reason of the agreement mentioned and the substitution of the Gay-Coleman Construction Company instead of the defendant, said construction company to pay said plaintiff and deduct the amount thereof from its stone bill due the defendant."

A demurrer to the answer as amended was sustained, and defendant declined to plead further. Judgment was rendered against it for the amount claimed in the petition, and it has appealed

The appellant in its answer did not deny the sale and delivery of the coal to it, but denied that it was indebted to the appellee in any amount, and alleged affirmatively that the indebtedness had been paid. In its amended answer it undertook to explain how the payment had been made, and, if the facts alleged failed to show the claim had been satisfied, the answer as amended was demurrable. It is argued that the answer presented a good defense, and that if the amended answer was defective the trial court erred in ordering it filed,

and then sustaining a demurrer to the answer as amended.

The appellant tendered and offered to file the amended answer, and never withdrew it. The court in ordering it filed merely acted on appellant's request, and, under the circumstances, it is in no attitude to complain.

The facts alleged in the amended answer failed to constitute payment of the claim. The most that can be implied from the averments is that the Gay-Coleman Construction Company agreed to pay the appellee for the coal purchased from the appellee by appellant out of funds in the hands of the construction company due the appellant. The appellant sold stone to the construction company, and purchased coal from appellee. It was agreed that the construction company would pay the coal company for the coal and deduct the sum so paid from the amount due from it to appellant, but it is not alleged in the amended answer either that appellee has been paid in the manner specified, or that the construction company was, by the alleged agreement, substituted for the appellant as the debtor. In the amended answer it was merely alleged as a conclusion of the pleader that the account had been paid "by reason of the agreement mentioned and the substitution of the Gay-Coleman Construction Company instead of the defendant." The appellant was not released as an obligor, and there is nothing in the alleged agreement indicating that appellee was not to look to the original obligor in the event the construction company failed to carry out its part of the agreement.

The facts alleged constituted neither an accord and satisfaction, nor a novation. In order to effect a novation by the substitution of debtors, a new debtor must be substituted in place of the old one, with intent to release the latter. Kushner v. Knopf, 227 Ky. 369, 13 S. W. (2d) 271; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149.

The act of the lower court in sustaining the demurrer to the answer as amended was proper, and the judgment is affirmed.