CASE 94—PETITION ORDINARY—January 12.

# Williams, Etc. v. Shelbourne, Etc.

APPEAL FROM BALLARD CIRCUIT COURT.

1. PARDONS—REMISSION OF FORFEITURE BEFORE JUDGMENT—FEES OF OFFICERS.—While Section 77 of the Constitution withholds from the Governor the power to remit the fees of a clerk, sheriff or Commonwealth's attorney in penal or criminal cases, he is not prevented thereby from depriving them of their fees by remitting the forfeiture before judgment is rendered thereon, as their fees do not accrue until that time; but where the sureties in a bail bond, in a proceeding to forfeit it, fail without any reason therefor to rely upon the remission as a defense to the proceeding, they can not, after judgment thereon, deprive the officers of their statutory fees and commissions.

2. VOLUNTARY PAYMENT—MISTAKE OF LAW OR FACT.—The money having been voluntarily paid by the sureties in satisfaction of the judgment on the bond, and without mistake of law or fact, they can not recover any part of the same.

3. COUNTY ATTORNEYS—FEES AND COMMISSIONS.—A county attorney is not entitled to any per centum of an amount that may be recovered on a forfeited recognizance or bail bond.

BUGG & WICKLIFFE FOR APPELLANTS.

1. The appellants knew at the time they accepted the money in payment of the bond that the Governor had remitted the same, and in receiving the same they practiced a fraud upon the appellant and should be made to account for the same.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants' sureties brought this action to recover back from appellees, Commonwealth's attorney, county attorney and clerk of the circuit court, $170 paid in satisfaction of a judgment on a forfeited bail bond.

It is stated substantially in the petition, to which a general demurrer was sustained, that the governor subsequent to the term of court at which the bail bond in question was

forfeited, but on January 1, 1894, one day before the judgment was at the next term rendered, remitted the forfeiture; though the executive document was not actually filed in the circuit court, where the proceeding was pending, until January 5, 1894, three days after the judgment, and also after the amount sued for was by appellants voluntarily paid over to the clerk who appropriated all of it, but $20 in satisfaction of his own fees and of the percentum claimed by the ·Commonwealth's attorney and county attorney. Section 77 of the Constitution withholds from the governor power to remit the fees of the clerk, sheriff or Commonwealth's attorney in penal and criminal cases. It has, however, been held by this court that the right of a Commonwealth's attorney to the percentum of a forfeited recognizance or bail bond does not accrue until judgment thereon, and the governor may remit the forfeiture before it is rendered. (Commonwealth v. Spriggins, 18 B. M., 512.)

And the same rule of construction has been applied to clerks' fees (Commonwealth v. Offutt, 82 Ky., 326). But manifestly a remission by the governor of the fees of officers does not nor can operate to stay or be efficacious as a defense to proceedings on a forfeited recognizance or bail bond until and unless it be filed and relied upon in the court where they are pending.

It does not appear in this case, nor do appellants plead as reason for vacating the judgment, they were prevented by unavoidable casualty or misfortune from filing and relying upon as defense to the proceeding the remission of forfeiture by the governor; nor indeed does it appear they might

not have applied for and obtained it in time to so file it in court.

The judgment having been rendered regularly and after service of summons and rights of appellees as officers determined and fixed thereby, we do not see how, without first vacating or reversing that judgment, they can be divested of their statutory fees, or why appellants should be treated otherwise than any other party to an action or proceeding who fails at the time set for trial to make defense.    Certainly remission by the governor can not, in view of section 77 of the Constitution, operate to neutralize the effect of a judgment of court ascertaining and fixing fees of officers, when it has not been in the mode prescribed by law reversed, modified or vacated.    Moreover, the money sued' for having been voluntarily and not in mistake of law or fact paid' by appellants in satisfaction of that judgment, appellees have a right in justice and good conscience to resist recovery of all of it allowed to them by law.

But it seems to us the amount appropriated by the clerk is in excess of what the statute prescribes in such cases, and appellants are entitled to recover back such excess.

The Commonwealth's attorney is entitled to fifty per cent. of amount of the judgment, and no more.    But as was held in the case of John P. Fultz v. Crofton, 19 Ky. L. R., 1921, the county attorney is not entitled to any percentum of an amount that may be recovered on a forfeited recognizance or bail bond.

For the errors indicated the judgment is reversed for proceedings consistent with this opinion.