CASE 11—ACTION ON NOTE—OCT. 4.

# Deposit Bank of Carlisle v. Stitt.

APPEAL FROM FAYETTE CIRCUIT COURT.

| 107 | 49 |
| 128 | 844 |
| 107 | 49 |
| 132 | 473 |

HUSBAND AND WIFE—ASSUMPTION BY WIFE OF HUSBAND'S NOTE.— A married woman is not bound by a note executed by her to take up a note executed by her husband. The surrender of the husband's note is not a sufficient consideration to make the renewal note executed by the wife an original undertaking of her own.

H. E. ROSS FOR APPELLANT.    (HANSON KENNEDY OF COUNSEL.).

The surrender of Mr. Stitt's note for $125 was a good consideration for the execution of a new note by Mrs. Stitt and made the renewal note an original obligation as to her. Bank of Com. v. Ray, 7 J. J. Mar., 273; Smith v. Young, 11 Bush, 395; Stuart v. Graves, 5 Ky. Law Rep., 687; Day v. Cloe, 4 Bush, 563; Lieber v. Levy, 3 Met., 292; Jones v. Walker, 13 B. Mon., 357.

[4]

HANSON KENNEDY ON THE SAME SIDE.

1. While the appellee, Ollie B. Stitt, was a married woman when she
   signed and delivered the note sued on in this action, yet under
   the facts and circumstances of this case, it was her debt, and not
   the debt of her husband, and she is liable for the same. Ky.
   Stats., secs. 2127, 2128; 4 Am. & Eng. Ency. of Law (2d ed.),
   188 and cases cited.

2. Even if the note executed by appellee was for the debt of her
   husband, yet in view of the facts and circumstances as shown
   by this record, she is estopped from denying her liability thereon.
   Osborne v. Doherty, 38 Minne., 430.

BRECKINRIDGE & SHELBY FOR APPELLEE.

　　Under section 2127 of the Kentucky Statutes a married woman
who, without consideration of any sort, executes her note for a
debt of her husband is not bound upon same unless at the time
she executed this note she set apart some part of her estate for
the purpose of securing its payment.

L. J. MOORE ON THE SAME SIDE.

　　The loan of $150 contemporaneously, with the assumption by
Mrs. Stitt of the old note of her husband, constituted no part of
the consideration for the renewal obligation. Section 2127, Ken-
tucky Statutes, precludes a recovery against the wife in this
case. She never appropriated any part of her estate to the pay-
ment of the $125 note.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

　　Appellee, Ollie B. Stitt, desired to borrow $150 from
appellant to send her husband to the Keeley Cure. The
proof tends to show that it did not suit appellant, ex-
actly to lend her the money, but it held an unpaid note
on her husband for $125, and in consideration of her as-
suming this debt, and executing to the bank her note for
$125 in lieu of her husband's note held by it, it lent her the
$150, and took her note with security for that amount
also. She paid the note given by her for the money that
she borrowed, but declined to pay the note for $125 ex-
ecuted in lieu of the note held by the bank on her husband,
and this suit was brought upon it. The lower court held

that she was not liable.  The propriety of that ruling is the only question to be determined on this appeal.

Section 2127 of the Kentucky Statutes provides,

"No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by a deed of mortgage or other conveyance."

No part of appellee's estate was set apart by a deed of mortgage   or    other    conveyance    to    secure    the payment  of   the   note   given   by   her   in   lieu   of her husband's note to the bank.  It is conceded that she would not be liable if she and her husband had renewed that note, both signing the new note; but it is insisted that when she assumed the debt the release of the husband was a sufficient consideration to uphold her promise to the bank, as the bank gave up the note it had on the husband, and that her engagement to pay the debt was an original undertaking of her own, and not a contract to answer for the debt, default or misdoing of another.  In support of this contention we are referred to a line of authority holding good such contracts under subdivision 4 of the statute of frauds, which forbids the bringing of an action to charge any person upon "a promise to answer for the debt, default or misdoing of another" unless the contract is in writing.  Kentucky Statutes, section 470; Day v. Cloe, 4 Bush, 563.

Though   the   wording   of   these   two   statutes is  much  the  same,  the  purpose  is  entirely  different.  The statute of frauds applies to persons *sui juris*, and was designed for the prevention of perjuries in actions growing out of alleged loose parol guaranties.

The statute before us applies only to married women, and preserves the then existing limitation upon their power to contract. Its purpose is to protect married women against the debts and liabilities of others, including their husbands. If it could be avoided by the wife's simply assuming her husband's debt, instead of going his security, the mischief it intended to prevent would be increased, and the wife might be in many cases worse off under it than she would be without it.

In Russell v. Rice, 19 Ky. L. R., 1613, [44 S. W., 110], it was held, where a married woman, being co-surety with another for her husband, executed to her co-surety her note for half the amount he had paid, in consideration of his releasing her husband, the note was not binding on her, although by reason of it her husband had been released.

In the subsequent case of Crumbaugh v. Postell, 20 Ky. L. R., 1366, [49 S. W., 334], Postell held the notes of the husband, with one Williams as surety, and the latter, desiring to be released, gave Postell notice to sue. The husband then proposed to Postell to give him his wife's note in lieu of his own, and, upon Postell's consenting, this was done, and the old notes of the husband were surrendered. The wife being sued on these notes, she was held not liable. The court said:

"In transactions of this kind the courts must look to the substance; and, whatsoever the parties themselves may designate or name the undertaking of the wife, if in fact it be an attempted assumption by her of the debt of another she must be held not liable, unless she binds herself in the statutory mode. Any other course will speedily result in a nullification of the statute."

L. & N. R. R. Co. v. Farmers & Drovers Live Stock Commission Firm.

The statute of frauds comes to us from England, with the construction put upon it by the English courts under the rule that statutes in derogation of the common law are to be strictly construed. But the statute here before us is to be construed under a very different rule. Section 460 of the Kentucky Statutes provides:

"The rule of the common law that statutes in derogation thereof are to be strictly construed is not to apply to this revision; on the contrary its provisions are to be liberally construed with a view to promote its objects."

Under this rule, we can not apply to the statute quoted the construction contended for, which would, in our judgment, entirely defeat the purpose of its enactment. The wife here received no consideration for assuming her husband's debt. She has paid the appellant all that she borrowed. It had no right to require of her, in addition to this, to assume her husband's debt, and her voluntary engagement to this effect falls squarely within the mischief intended to be remedied by the statute. Judgment affirmed.