CASE 84—ACTION BY W. F. HALL AGAINST LUCY HALL TO ENFORCE
MORTGAGE LIEN ON LAND.—SEPTEMBER 28.

# Hall v. Hall

APPEAL FROM HARLAN CIRCUIT COURT—M. J. MOSS, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

MARRIED WOMEN—MORTGAGES—EXECUTION—PRIVY EXAMINATION—
CLERK'S CERTIFICATE—IMPEACHMENT—DURESS—BONA FIDE MORT-
GAGEE—PERSONAL LIABILITY—DEFENSES.

1. Ky. St. 1903, sec. 3760, provides that no fact officially stated
by an officer as to a matter about which he is required by law to
make a statement in writing shall be called in question except
on the allegation of fraud or mistake. HELD, that where a mar-
ried woman privately examined admitted before a county court
clerk that her signature to a mortgage was her voluntary, act,
and the clerk executed his certificate as required by law, she
could not thereafter, as against the mortgagee, relying on such
certificate, claim that she was induced to sign the mortgage
through the duress of her husband.

2. Ky. St. 1903, sec. 2127, provides that no part of a married woman's
estate shall be subjected to any liability on a contract made after
marriage to answer for the debt of her husband unless it has
been set apart for that purpose by deed, mortgage, or other con-
veyance. HELD, that, where a married woman executed a mort-
gage to secure her husband's debt, her plea of coverture, and
that she signed as her husband's surety only, was a valid defense
to her personal liability for the debt.

CLAY & HARDIN, ATTORNEYS FOR APPELLANT.

1. On the issue of fact the burden was on appellee. He took
and filed his depositions on November 6, 1903, which was Friday
before the court began, at which the trial was had; the 8th day
of the month being Sunday, appellant had but one day to prepare
and take her proof and we submit the court erred in compelling
her to try at that time.

2. The court erred in sustaining a demurrer to appellant's an-
swer, alleging that her signature to the mortgage was obtained

Hall v. Hall.

under duress, and that plaintiff not only knew that fact, but actually took part in the illegal acts complained of.

3. The court erred in sustaining demurrer to her plea of seven years' limitation to the note sued on, on which she is sought to be held personally liable as surety.

### AUTHORITIES.

1. **Duress.** Morton on Bills and Notes, 2 Ed. p. 254; Hazelrigg v. Donaldson, 2 Met., 447; Lighfoot v. Walls, 12 Bush, 499; Evans v. Thomas, 4 R., 629; Jordan v. Elliott, 15 Cent. L. J., 232; 1 Ky. Law Rep., 137.

2. **Knowledge of Appellee.** Marston v. Brittenham, 76 Ill., 617; Gibbs v. Linabury, 22 Mich., 479; Loomis v. Ruch, 66 N. Y., 462; Kochler v. Wilson, 40 Iowa, 183; Luce v. Blizzard, 70 Ind., 23; Rogers v. Adams, 66 Ala., 600.

3. **Limitation.** Kentucky Statutes, sec. 2551.

R. L. GREENE and A. C. THARP, FOR APPELLEE.

1. No motion was made by appellant for a continuance of the case, and no objection was made to the order of submission.

2. There was no attempt to show that the mortgage was not executed for a valuable consideration.

3. The note and mortgage were executed September 29, 1894, and no complaint of duress was made until August 13, 1903, at which time her answer was filed, being nine years after their execution, and we think this lapse of time amounts to a ratification of them, and she can not now be heard to complain of duress.

4. Appellant does not deny that her husband obtained $2,-165.90 of appellee's money for which the note was executed.

5. The statute of limitation has no application to a mortgage lien or any other character of lien.

### AUTHORITIES CITED.

Ency. Plead. & Prac., vol. 7, p. 247; subsec. 3; Deputy v. Stapleford, 19 Cal., 302; Pennsylvania Trust Co. Beal v. Kline, 192 Pa., 1; Russell v. Durham, 17 Ky. Law Rep., 303; Ritter v. Bell, &c., 8 Ky. Law Rep., 687; Fightmaster v. Levi, 13 Ky. Law Rep., 412; Ky. Statutes, sec. 3760.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant, Lucy Hall, with her husband, W. T. Hall, executed a note to appellee, secured by mortgage upon ap-

pellant's land. In this suit against appellant and the administrator of her deceased husband to recover upon the note and to enforce the mortgage appellant's defense was that her signature to the mortgage had been obtained by the duress of her husband, and that she was a surety only in the note, and, as more than seven years had gone since the note was due, she and her estate were released by the statutes of limitation applicable to sureties. Section 2551, Ky. St., 1903.

The duress of the husband, by which he procured his wife to mortgage her land to secure his debt, is, if true as pleaded, a fraud upon her rights, and would vitiate the transaction. The mortgage would be voidable by her at any time, unless she had thereafter ratified it, or had estopped herself from contesting its validity. So far as the pleadings show, the consideration for the note and mortgage was simultaneous with their execution. It is not alleged that appellee knew at that time, or had notice then, that the mortgage as signed and acknowledged by appellant, as shown by the county court clerk's certificate, was not her free and voluntary act. The law is that the clerk was obliged to read and explain the instrument to the feme covert not in the presence of her husband; and, if she thereupon acknowledged that she freely and voluntarily signed it, it was his duty to certify to that fact, whereupon the instrument was admissible to record so as to pass her title according to its expressed intent. In this case the clerk's certificate fully imports his compliance with the statutory requirements, the natural and proper effect of which is an assurance in the most solemn and deliberate form of the truthfulness of the facts recited in the certificate Even though appellant had been induced by the fraud of her husband to sign and deliver the mortgage, yet, if she sub-

sequently admitted that she had voluntarily executed it for the purpose of giving it validity, and appellee, in ignorance of the truth, but relying upon the officer's certificate of her acknowledgment, parted with the consideration, she is bound.

It is not claimed that the officer's certificate is a mistake. It is admitted, on the contrary, that it is true. Its legal effect is to establish beyond future controversy the facts required therein to be stated and done. Every person subsequently dealing with that title may rely implicitly on the verity of the certificate of the officer. Harpending's Ex'r v. Wylie, 14 Bush, 380; Cox v. Gill, 83 Ky., 669, 7 R., 720. Latent equities and facts that would impeach the certified act must yield to the public policy that establishes land titles upon a permanent basis. Section 3760, Ky. St., 1903, is that "no fact officially stated by an officer in respect of a matter about which he is required by law to make a statement in writing, either in the form of a certificate, return or other-wise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or a mistake on the part of the officer," unless in a direct proceeding against the officer or his sureties. In the two cases just cited— Harpending v. Wylie and Cox v. Gill—it was held that when the officer certified to the feme covert's acknowledg-ment it could not be collaterally impeached by her on the ground that her husband had been present (presumably exercising some act of coercion thereby), or that it had been acknowledged in a different county from that stated in the certificate. In Aultman-Taylor Co. v. Frazure, 95 Ky., 429, 16 R., 6, 26 S. W., 5, where it was permitted to impeach the certificate of acknowledgment by showing that it was in the presence of the husband of the feme covert, and by his coercion, it appears that the mortgagee's agent was also

present and participating in the efforts to overcome the reluctant wife's refusal to mortgage her property. To avoid the certificate on the ground of fraud practiced by the party benefited, it must appear that the grantee in the instrument attacked was guilty of the fraud, or had knowledge or notice of it before the transaction was completed. The instrument was solely for his benefit. That another incidentally derived benefit through the transaction and committed fraud in inducing it can not alone satisfy the requirement of the statute just quoted. Appellant's plea of duress is not good, because it fails to allege that the creditor, at the time he accepted the mortgage, knew of her alleged coercion by her husband. The demurrer to that part of the answer was therefore properly sustained.

Section 2127, Ky. St., 1903, being the act of March 15, 1894, giving to married women the right to control their property, and to contract with reference thereto, contains this limitation: "No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed or mortgage or other conveyance." It has been frequently and uniformly held since the adoption of the above statute that the only way in which a married woman could bind her estate as security for another was by pledging it. Postell v. Crumbaugh, 66 S. W., 830, 23 Ky. Law Rep., 2193; Deposit Bank v. Stitt, 52 S. W., 950, 21 Ky. Law Rep., 671; Id., 107 Ky., 49, 21 R., 671, 52 S. W., 950; Russell v. Rice, 44 S. W., 110, 19 Ky. Law Rep., 1613. The purpose of the statute was to enlarge the rights of married women with respect to their property and their

contractual capacity. But as to becoming sureties they were left precisely as they had been for many years before the adoption of the statute, *supra*. In Hobson v. Hobson's Ex'r, 8 Bush, 665, citing a number of earlier cases from this court, it was said that the right of the married woman, under our statutes regulating conveyances, to alienate or convey her general estate, even by deed or mortgage, to secure the prior debts of her husband, is now too well settled to admit of doubt; but it was there denied that her attitude was that of a surety for him in the meaning of the statute. It is impossible now, as it was then, for a married woman to become personally bound as surety for any one. Nevertheless she may now, as she might then, bind her specific estate by an appropriate conveyance or pledge. That did not constitute her a surety; nor could she, as against such conveyances, be availed of the provisions of the seven years statutes of limitation for the benefit of sureties. The circuit court sustained a demurrer to this paragraph of the answer, and upon final hearing rendered a decree foreclosing the mortgage lien, as well as gave a personal judgment against appellant. The court is of opinion that the demurrer should have been overruled to the plea of coverture in so far as it presented that fact as a defense of appellant's personal liability; nor should the personal judgment against her have been rendered in the present state of the case.

For the reasons and to the extent indicated, the judgment is reversed, and cause remanded for proceedings not inconsistent herewith.