CASE 95.—ACTION BY WILLIAM McCARLEY'S EXECUTOR AGAINST MARY N. BLACK ON A NOTE. IN WHICH SHE PLEADS HER NON-LIABILITY AS SURETY OF HER HUSBAND, WHO WAS PRINCIPAL THEREON.—October 29.

## Black v. McCarley's Ex'r.

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

126    825
128    845

126    825
d132   470

1. Appeal—Review—Harmless Error—Pleading.—The rejection of an amended answer was not prejudicial, where defendant under the original answer had the right to prove all the facts set up in the amended answer.

2. Husband and Wife—Separate Estate of Wife—Liability as Surety—Evidence.—Ky. Stats., 1903, section 2127, provides that no .part of a married woman's estate shall be subjected to the payment or satisfaction of any liability on a contract made after marriage to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed, mortgage, or other conveyance. Held, That where a note signed by defendants, husband and wife, did not disclose which of the parties was principal or surety, it was competent for the wife to show by parol or other evidence that she was only a surety.

3. Same.—There being no evidence to establish that the wife received the proceeds of the note, and there being evidence that the proceeds were paid solely to the husband, a prima facie case was made out in her behalf.

4. Principal and Surety—Married Women.—Whether a married woman is surety on a note or other instrument is to be determined by the evidence, and controlled by the principles applicable to principals and sureties generally.

5. Witnesses—Transactions with Deceased Persons.—Civil Code

Prac., section 606, provides that a party can not testify for himself concerning any verbal statement or, of any transaction with, or any act done or omitted to be done by, one who is dead when the testimony is offered. Held, that where, in an action by the executor of the payee of a note signed by a husband and wife, the wife alleged that she was merely surety on the note, it was not competent for her to testify that she did not sign the note, nor received the proceeds thereof, or as to what disposition was made of the money.

VANCE & LOCKETT, attorneys for appellant.

## AUTHORITIES CITED.

1. Cases wherein the operation of the "woman's Act" (March 15th, 1894,), are discussed. (Section 2127, Ky. Stats.; Tompkins v. Triplett, 23 Ky. Law Rep., 395; Postell v. Crumbaugh, 23 Ky. Law Rep., 2193; Deposit Bank of Carlisle v. Stitt, 21 Ky. Law Rep., 671; Russell v. Rice, 19 Ky. Law Rep., 1613; Crumbaugh v. Postell, 20 Ky. Law Rep., 1366; Quisenberry v. Thompson, 19 Ky. Law Rep., 1555; Skinner v. Lynn, 21 Ky. Law Rep., 185; Planters' Bank & Trust Co. v. Majors, 25 Ky. Law Rep., 702; Bowron v. Curd, 88 S. W. Rep., 1106.)

2. Authority on right of defendant to testify against claim sued on by personal representative. (Hunter's Adm'r v. March, 2 Ky. Law Rep., 240.)

3. Cases in which court of appeals have declared it the duty of the trial court to define words and expressions. ("Renting"— Boltz v. Miller, 23 Ky. Law Rep., 991; "Gross and Willful Neglect"—L. & N. R. R. Co. v. Yowell, 10 Ky. Law Rep., 721; "Negligence—Ordinary Care."—L. & N. R. R. Co. v. Logsdon, 24 Ky. Law Rep., 1566; "Law and Facts"—Justices of Butler Co. v. Thomasson, 11 Bush, 235; "Actual Possession—Ownership"— McArthur v. City of Dayton, 19 Ky. Law Rep., 882.

P. W. MILLER and RUBY LAFFOON for appellee.

## POINTS AND AUTHORITIES.

1. Husband who is joint obligor in note with wife sued on by administrator of payee in note not a competent witness. (Civil Code Prac., section 606; Bright's Ex'rs v. Swinebroad, 21 Ky. Law Rep., 369; Phillips v. Farley, 23 Ky. Law Rep., 2201; Mullikin v. Mullikin, 15 Ky. Law Rep., 609; Andrews v. Haden, 88 Ky., 455;

Alexander's Ex'rs v. Alford, etc., 89 Ky., 105.)

2. Appellant not a competent witness in suit by administrator of payee of her note, but having testified before the jury now estopped to complain. (Subsec. 2 of section 606, Civil Code, and division "C" thereunder; Pope v. Pope, 21 Ky. Law Rep., 1376.)

3. The Weisinger Act (section 2127, Ky. Stats.), its spirit, and construction by this court. Not intended to enable a married woman alone or in conjunction with her husband to perpetuate a fraud. Not applicable to case at bar. Doctrine of estoppel. (Mundo & McGraw v. Anderson, 23 Ky. Law Rep., 663; Tompkins v. Triplett, 23 Ky. Law Rep., 305; Tichenor v. Owensboro Savings Bank & Trust Co., 24 Ky Law Rep., 145; Smith v. Stone, 17 B. M., 170; Billington v. McAlpin, 22 Ky. Law Rep., 1282; Bush v. Starks, 23 Ky. Law Rep., 1560; Grazure v. Frazure, 23 Ky. Law Rep., 1990.)

4. Facts and points in following cases cited by appellant, wholly different from the one at bar and not applicable. (Postell v. Crumbaugh, 20 Ky. Law Rep., 2193; Deposit Bank of Carlisle v. Stitt, 21 Ky. Law Rep., 671; Russell & Co. v. Rice, 19 Ky. Law Rep., 185; Planters' Bank & Trust Co. v. Majors, 25 Ky. Law Rep., 702.)

5. Not necessary for court to define meaning of ordinary words used in their customary sense. (Bashfields Instruction to Juries, vol. 1, p. 253; J. V. Pilcher Mfg. Co. v. Teupe's Adm'r, 28 Ky. Law Rep., 1350.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellee instituted suit on the following note: "March 30, 1898. One year after date we, or either of us, promise to pay to the order of William McCarley two thousand dollars, with interest at six per cent.; value received. Thomas N. Black. Mary N. Black. I. Biddle Black." The defendant, Mary N. Black, who is the wife of Thomas N. Black, filed an answer, in which she averred that she was only a surety in the note, that at the time of the execution of the note she was the wife of Thomas N. Black, and that the money obtained on the note was paid to and used by him in his business, and no part thereof

was received by or for her use or benefit. A reply controverting this pleading completed the issues. An amended answer tendered by Mary N. Black was rejected by the court, and of this she complains; but the action of the court in rejecting this amendment was not prejudicial, as under her original answer she had the right to prove all the facts set up in the amended answer. Upon a trial of the case before a jury, judgment was rendered against Mrs. Black for the full amount of the note; and, her motion for a new trial being overruled, she prosecutes this appeal.

No evidence was offered by appellee; the only witnesses who testified in the case being Mrs. Black and Paul Moore. Objection was made to Mrs. Black testifying at all, but this was overruled, and she was permitted, over the objection of appellee, to testify that she did not receive any part of the money for which the note was executed; that the proceeds went to pay her husband's business debts. She also testified that she did not know William McCarley, who lived in Hopkins county, while she resided in Henderson, Ky.; that neither McCarley nor any representative of his was present when she signed the note in the presence of her husband at her home in Henderson. Paul Moore identified a check dated March 29, 1898, drawn by the St. Bernard Coal Company on the Ohio Valley Banking & Trust Company, of Henderson, payable to the order of William McCarley, and indorsed, "Pay to the order of T. N. Black," followed by the indorsement, "Thomas N. Black." Appellant's motion to instruct the jury to find for her being overruled, the court gave the following instruction: "The court instructs the jury to find their verdict against the defendant, Mrs. Mary N. Black, for the amount of the note sued on, subject to the

credits indorsed thereon, unless the jury should be-
lieve from the evidence that the defendant, Mrs.
Black, was not in fact a principal in said note, but
was only a surety therein, in which event they will
find for the defendant, Mrs. Black." To the giving
of this instruction the defendant objected, and there-
upon offered the following, which was refused:
"Although the name of Mary N. Black appears as
joint principal in said note, yet if the jury believe
from the evidence that at the time of the execution
of the note sued on she was the wife of the defendant
Thomas N. Black, and that the money for which the
note was executed was borrowed by the said Black,
and used by him in his individual business, and no
part thereof received by the said Mary N. Black, or
used for her benefit, or by her individually, or re-
ceived by her, then in that event she is the surety of
her husband, Thomas N. Black, and the jury will so
find."

Section 2127 of the Kentucky Statutes of 1903,
provides in part that "no part of a married woman's
estate shall be subjected to the payment or satisfac-
tion of any liability upon a contract made after mar-
riage to answer for the debt, default or misdoing of
another, including her husband, unless such estate
shall have been set apart for that purpose by deed
or mortgage or other conveyance." Under this stat-
ute, if Mrs. Black was surety for her husband in the
note sued on, she is not liable upon it. The note upon
its face does not disclose which one of the parties
is principal or surety, and it was competent for her
to show by parol or other evidence that she was only
a surety. Skinner v. Lynn, 51 S. W. 167, 21 Ky.
Law Rep. 185. The check payable to Thomas N.
Black, for the amount of the note, and which was

read on the trial, was slight evidence that he was the principal. So far as the appearance of the note was concerned, Mrs. Black was, of course, jointly and severally bound with the other obligors; but the presumption, if any, raised by this fact that she was a principal was overcome by the evidence that the proceeds of the note were paid to him, indicating that he was the beneficiary and the others merely his sureties. The uncontradicted testimony showed that she was his wife at the time of its execution, and, as there was no fact or circumstance conducing to establish that she received the proceeds or any part thereof, a prima facie case was made out in her behalf, and she was entitled to the peremptory instruction requested.

In all the cases that have arisen under this statute the court has endeavored to give it such a construction as would fairly carry into effect the legislative intention in its enactment, which was that the estates of married women should not be charged with the payment of obligations created by their becoming surety for other persons, unless set apart for that purpose by deed, mortgage, or other conveyance. Whether or not a married woman is surety is to be determined by the evidence, and controlled by the principles applicable to principals and sureties generally. Crumbaugh v. Postell, 49 S. W. 334, 20 Ky. Law Rep. 1366; Postell v. Crumbaugh, 66 S. W. 830, 23 Ky. Law Rep. 2193; Deposit Bank of Carlisle v. Stitt, 52 S. W. 950, 21 Ky. Law Rep. 671; Milburn v. Jackson, 52 S. W. 949, 21 Ky. Law Rep. 700; Hall v. Hall, 82 S. W. 269, 26 Ky. Law Rep. 553. An attempt is made to bring this case within the rule announced in Tompkins v. Triplett, 62 S. W. 1021, 23 Ky. Law Rep. 305, upon the assumption that, as no one was

present when Mrs. Black signed the note except her husband, she delivered it to him as her agent, authorizing him thereby to receive the proceeds, and there being nothing in the appearance of the note to indicate that she was not a principal, she is bound by what her husband did. In the Triplett Case, Tompkins refused to lend the money to Triplett, who applied for the loan, and told him that he would lend it to his wife. Thereupon Triplett procured his wife's signature to a note, her name being signed first, and delivered it to Tompkins, and received the money; and the court held the wife liable. In the case at bar, the name of Thomas N. Black appears first on the note. There is no evidence whatever tending to show that his wife signed the note as principal, or authorized him to receive the proceeds realized from it, or that she received any part of the proceeds, or that she ever occupied any attitude other than that of a surety in the note.

It was not competent for Mrs. Black to testify that she did not sign the note, or that she did not receive the $2,000, or any part of it, for which the note was executed, or to say what disposition was made of the money. Under Civ. Code Prac. section 606, a party cannot testify for himself "concerning any verbal statement of or any transaction with or any act done or omitted to be done" by one who is dead when the testimony is offered to be given. This inhibition, intended to place the living and the representatives of the dead on an equality as near as may be, cannot be evaded by evidence that will indirectly accomplish the purpose intended to be prohibited by the statute. When Mrs. Black was permitted to say that she did not receive any part of the proceeds of the note, it was in effect testifying that the decedent did not pay

money to her, and hence related to a transaction with or an act done or omitted to be done by him; and so as to her statement with reference to the disposition made of the proceeds which was telling in another way that she did not receive them. Jones v. Jones, 43 S. W. 412, 19 Ky. Law Rep. 1516; Northrip v. Williams, 100 S. W. 1192, 30 Ky. Law Rep. 1279; Harpending's Ex'rs v. Daniel, 80 Ky. 449, 4 Ky. Law Rep. 330, 11 Ky. Law Rep. 858.

The instruction offered by appellant and refused by the court should have been given in lieu of the one that was given, as it presented the defense made by Mrs. Black and upon which she relied to defeat a recovery. Upon a retrial of the case, the converse of this instruction should be given for appellee, if requested.

The judgment is reversed, with directions for a new trial not inconsistent with this opinion.