## Bryant v. Jones.

(Decided February 18, 1919.)

### Appeal from Whitley Circuit Court.

1. Frauds, Statute of—Promise to Pay Debt of Another.—A promise to pay the debt of another, which is founded upon a different consideration from the consideration of the debt, and the promise is not made to the creditor, is not within the statute of frauds.

2. Contracts—Who May Sue Upon—Consideration.—One for whose benefit a contract is made, may sue thereon, although he did not furnish the consideration.

3. Husband and Wife—Guaranty and Suretyship.—A married woman can not be bound, as a surety, and the only way she can undertake "to answer for the debt, default or misdoing of another," is to set apart her estate "by deed of mortgage or other conveyance," for the purpose of securing the payment of the liability.

4. Husband and Wife—Guaranty and Suretyship.—A married woman will not be bound for the debt of her husband, despite the form of the transaction, if the substance of it shows, that it is a mere assumption of the husband's debt.

5. Husband and Wife—Guaranty and Suretyship.—A married woman, who makes a promise to pay a debt, of her husband, in consideration of the sale and conveyance to her by the husband of a sufficient portion of his property to constitute a substantial consideration for the promise, and sufficient to induce it, will be bound by the promise, as such a transaction is not within the spirit and purpose of the prohibition of section 2127, Kentucky Statutes.

H. L. BRYANT for appellant.

R. L. POPE and H. B. BROWN for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

C. L. Jones, the husband of the appellee, Maud Jones, was the principal obligor, in a promissory note, which he owed to one Meadors, and the appellant, H. L. Bryant, was his surety, in the note. C. L. Jones, and his wife, Maude, were the joint owners of a house and lot in Williamsburg, and after the execution of the note to Meadors, by C. L. Jones, with the appellant, as his surety, and before the note became due, but, within twelve months of the time, upon which it would become due, C. L. Jones entered into a contract with Maud, by which she agreed, that in consideration of the sale and conveyance by him to her, of his one-half undivided interest, in the house and lot, that among other considerations for the con-

veyance, she would pay off and satisfy, the note, which he owed to Meadors, when it became due. In accordance with this contract, C. L. Jones conveyed his interest in the house and lot, to Maud, the deed, stating upon its face, that her agreement to satisfy the note, which Meadors held, was a part of the consideration for the sale and conveyance. When the note to Meadors became due, the appellee failed to satisfy it, and C. L. Jones, the principal, in the note, failing to pay it, the appellant, as his surety, was compelled to satisfy the note to the obligee. The appellant alleging in his petition, as amended, the above facts, and that the contract between Jones and his wife, by which she became the owner of the husband's interest, in the house and lot was made for his benefit, sought to make the appellee, personally liable to him, for the amount, which he was compelled to pay to Meadors, and procured a general order of attachment against her property, upon the ground, that she was a non-resident of the state, and caused it to be levied upon certain real estate, the property of appellee. The appellee interposed a general demurrer to the petition, as amended, which the court sustained, and appellant, electing to stand upon his petition, as amended, the court rendered a judgment, dismissing the petition, and discharging the attachment, and from this judgment, he has appealed.

The question for decision is, whether the petition, as amended, presented a cause of action, in favor of the appellant, the plaintiff, below.

(a)   It is insisted, that although the contract, between appellee and her husband, was made for the benefit of appellant, as alleged, and to save him from the necessity of paying the note to Meadors, yet, the contract was one, which falls within the inhibition of subsection 4 of section 470, Ky. Stats., which provides, that "No action shall be brought to charge any person . . . upon a promise to answer for the debt, default or misdoing of another . . . unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note, thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent; . . ."

It will be observed, that the considertaion for the promise made by appellee, to pay the note of her husband, was not the same consideration, as existed for the execution of the note, and the promise was not one made

to Meadors, the creditor of her husband, nor to appellant, as her husband's surety. Where the promise to pay a debt, which another owes, is founded upon a new and different and sufficient consideration, it is not within the statute of frauds, and is not required to be in writing. Besides, the statute, requiring a promise, in order to be enforcible, to be in writing, to pay a debt, which another owes, does not have reference nor apply to promises made to the debtor, but, the promises there declared invalid, are promises made to a person, to whom one is already obligated, or is to became obligated. Spadone v. Reed, etc., 7 Bush, 455; Williams v. Rogers, 14 Bush 776; Noth v. Robinson, 1 Duv. 71; Botkin v. Middlesborough T. & L. Co., 23 K. L. R. 1964; Creel v. Bell, 2 J. J. M. 309; Jennings v. Crider, 2 Bush, 322; Hodgkins v. Jackson, 7 Bush, 342; Mudd v. Carico Exr., 104 Ky. 719; Daniels v. Gibson, 20 K. L. R. 847. The consideration for the promise of appellee, being a one-half interest, in a house and lot, and not made to the creditor, but to the debtor, seems to take it out of the effect of the statute of frauds.

(b)   The principle, that provides, that one, for whose benefit a contract is made, may sue thereon, although he is an entire stranger to the consideration, seems to have been thoroughly adopted, in this jurisdiction, and the promissor may be subjected to personal liability to the person for whose benefit the promise, upon a sufficient consideration, was made. Benge v. Hiatt's Admr., 82 Ky. 666; Whallen v. Judah, 5 R. 316; First National Bank, etc. v. Schussler, 8 R. 516; Smith v. Lewis, 3 B. M. 229; Blakely v. Adams, 113 Ky. 392; First National Bank, etc. v. Doherty, 156 Ky. 386; Allen v. Thomas, 2 Met. 198; Mize v. Barnes, 78 Ky. 506.

(c)   The appellee relies, chiefly, for support, for her insistence, that the plaintiff failed to state a cause of action against her, upon the provisions of section 2127 Ky. Stats., and the constructions placed upon that statute by former adjudications, and this, presents a question more serious and difficult of solution. So much of that statute as is pertinent to the question, here, is: "No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract, made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose, by deed of mortgage or other conveyance; but her estate shall be

liable for her debts and responsibilities contracted after marriage, except as in this act provided."

It is insisted, that the contract, sued on, is one, by which a married woman contracted "to answer for the debt, default or misdoing of another," in which attempt, she could not make her estate liable to be subjected to that purpose, because she did not set apart any of it "by deed of mortgage or other conveyance," and for that reason, she is not personally liable. It may be conceded, that a married woman can not make herself liable personally, nor otherwise, as a surety for her husband, or as a surety for any one else. By the common law, a married woman could not bind herself personally, as a surety, and the act of March 16, 1894, of which section 2127, *supra,* is a part, does not empower her to become a surety. She is authorized, by the provisions of that act, to pledge her personal property, by "deed of mortgage or other conveyance" for the payment of the debt of another, and if her husband joins with her, she can "set apart" her real property by "deed of mortgage or other conveyance" to secure the debt of another, but, in neither instance, does she become a surety. By the provisions of section 2127, *supra,* however, a married woman's estate may be subjected for her debts and responsibilities contracted or incurred before marriage, and for all contracted or incurred after marriage, except a contract, "to answer for the debt, default or misdoing of another, including her husband," and in the latter case her property may be subjected, if she has set it apart, for the purpose as provided in the statute.

Section 2128, Ky. Stats., among other provisions, provides: "She (a married woman) may make contracts and sue and be sued, as a single woman, except, that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband joins in such contract; . . ." Hence, it appears, that she may not contract to become a surety, nor "to answer for the debt, default or misdoing of another," except in the way provided in section 2127, *supra,* nor can she make any executory contract to sell or convey or mortgage her real estate, unless her husband joins in such contract, but, any other contract, she may make, and sue and be sued, thereon, as a single woman may do. It follows, that for a breach of any contract which she may lawfully make, she is personally liable, and her estate may be subjected

to the liability. Hence, we are confronted with the question, whether the undertaking of the appellee, as set out in the petition, was a contract to answer for the debt of another, within the meaning of the statute, and therefore, one, which she could not make except in the manner set out in the statute, or was it simply a contract to answer for her own obligation, an independent contract from the debt of her husband, founded upon a sufficient consideration, and the inducement for making it, and for the performance of which she is responsible, If she had, instead of agreeing to pay the note, which her husband owed to the bank, agreed to, and paid him in money, as the consideration for the land sold and conveyed to her, by him, there could be no question of her right and power to do so, and the validity of the contract. The purpose of the statute was not to prohibit a married woman from making and performing contracts of her own, made for her own benefit, and the benefit of which she received, but, the purpose, was to protect her, and her estate against becoming bound for the debts and liabilities of others, and especially, those of her husband. While the statute of frauds, was not designed for the same purposes as the statute, under consideration, section 2127, *supra*, the language of the two, is very similar. The statute of frauds, provides, that one may not be bound "to answer for the debt, default or misdoing of another," unless he promises to do so, in a writing subscribed by him, while section 2127, *supra*, provides, that the estate of a married woman shall not be subjected to the payment or satisfaction of any liability, upon a contract made after marriage "to answer for the debt, default or misdoing" of another, unless she shall have set apart such estate "by deed of mortgage or other conveyance, etc." The two statutes being designed for different purposes, the one, applying to the rights of a married woman, can not, in all respects, be construed by analogies from the constructions placed upon the statute of frauds, and the prohibitions of the former statute, are much more general and sweeping, than those of the latter, but, the constructions placed upon the meaning of the words, "to answer for the debt, default or misdoing of another," in the latter statute, are helpful to determine, when a contract is "to answer for the debt, default or misdoing of another," as used in the former statute. Under the statute of frauds, which makes unenforcible, a contract "to answer for the debt, default or

misdoing of another," unless the promise to do so, is in writing and signed by the person to be charged, as, is heretofore shown, a promise to pay the debt of another, not made to the one to whom the debt is owing and founded upon a different consideration from that, upon which the debt, promised to be paid, is based, is not within that statute, and is not required to be in writing to be enforcible. In other words, it is an independent contract and based upon a different consideration. Under the statute of frauds, when one, by promising to pay the debt of another, procured the creditor to release the other, from all liability, the promise was not within the statute of frauds, although made to the creditor. Day v. Cloe, 4 Bush 563; Fain v. Turner, 96 Ky. 634; Wagner v. The Bells, 4 Mon. 8; Leiber v. Levy, 3 Met. 292; Jones v. Walker, 13 B. M. 357; Myles v. Myles, 6 Bush, 237. In these cases, the holding was upon the theory, that the promise, was to pay absolutely, and not on condition of any default or misdoing of another. But, we have held, that under section 2127, *supra,* a wife can not assume the debt of her husband and be made liable upon the promise, although she executes her promissory note, when there was no other consideration for her promise, than the release of her husband, from further obligation. Deposit Bank of Carlisle v. Stitt, 107 Ky. 49; Russell v. Rice, 19 K. L. R. 1613; Crumbaugh v. Postell, 20 K. L. R. 1366; 49 S. W. 334; Milburn v. Jackson, 21 K. L. R. 700; Third National Bank v. Tierney, 128 Ky. 836. The reason for this holding, is apparent. To permit such a result as would be accomplished, by the release of the husband and the binding of the wife, without other consideration, than his release, and no beneficial result to the wife, would be, to give sanction to the very thing, which it is the purpose of the statute, to prevent, and would amount to a mere evasion of the statute. It has, also, been held, that where a wife has executed her note for a loan, which the creditor knew was for the husband and was, in fact, the debt of the husband, such a transaction did not bind the wife, but was within the prohibition of the statute. Section 2127, *supra,* has been construed, in many other cases, and the language used in the opinions, must be read, in the light of the particular facts, in each case, but, it may be gathered from the opinions, that the rule applicable to all transactions, in which a married woman assumes the debt of another, is, that she can not do so, and will not be

personally liable, and her estate will not be liable, except to the extent, she sets it apart for that purpose by "deed of mortgage or other conveyance." Neither will an arrangement, which amounts to a mere evasion of the spirit of the statute, and where the result accomplished, is a substantial assumption, of the debt of another by a married woman, without a sufficient consideration, to make it an independent contract of her own, it will not be allowed to prevail. In the determination of whether the promise of the wife is within the statute, the court will not regard the mere form of the transaction or the sheer *camouflage* thrown about it, but, will look into the substance of the transaction. Tipton v. Traders Deposit Bank, 17 K. L. R. 960; New Farmers Bank, etc. v. Blythe, etc., 21 K. L. R. 1035; Hart v. Bank of Russellville, 127 Ky. 424; Hines v. Hays, 26 K. L. R. 967, 82 S. W. 1007; Black v. McCarley, 31 K. L. R. 1198; Planters Bank v. Mayor, 25 K. L. R. 702; Tompkins v. Triplett, 110 Ky. 824; Hall v. Hall, 118 Ky. 656; Deering v. Veal, 25 K. L. R. 1809; Morrison v. Morrison, 113 Ky. 507; N. Y. L. Insurance Co. v. Miller, 56 S. W. 975; Brady v. Equitable Trust Co., 178 Ky. 693. The facts, of the instant case, as presented by the pleadings, are different from any of the cases, above cited. The purpose evinced, is not the assumption of the husband's debt, or to pay it, upon the condition, that he fails to do so, as the wife would do, as a surety, but, it is a contract for the purchase of the husband's real estate, and the promise to pay, unconditionally, the husband's debt as the purchase price. It must be assumed, upon demurrer, that the consideration for the promise, was sufficient, and the inducement for the contract. The promise was not to the creditor. The consideration for the promise, was a new and different consideration from the one, upon which the execution of the note was based. Hence, the promise is not one "to answer for the debt, default or misdoing of another," within the spirit and meaning of the prohibition of the statute. It seems to be a contract, so far as concerns the wife, entirely independent and unconnected with the contract between the husband and Meadors, and founded upon a substantial consideration received by her.

The judgment is therefore reversed, and cause remanded with directions to set aside the judgment, and overrule the demurrer, and for further proceedings, not inconsistent herewith.