## Smith *vs* Lewis.

### APPEAL FROM THE GREEN CIRCUIT.

*Consignor and Consignee.   Obligee.   Parties.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

COVENANT.

Case 67.

October 25.

The case stated.

THE single question in this case is, whether A. B. Smith, the plaintiff in error, can maintain an action of covenant upon the face of the following writing: "Re-

ceived of A. B. Smith, 1 barrel sugar. 235 lbs. and one sack of coffee, 162 lbs. in good order and well conditioned, which I promise to deliver to Wooldridge & Sweeny, in Green county, in like condition, without delay, this 19th of April, 1841.                    JAMES LEWIS."

And as this memorial of the contract is elevated to the dignity of a sealed writing, by our statute of 1812, the proposition to be considered is circumscribed to the isolated inquiry, whether Smith is the proper party to sue for a failure to deliver the sugar and coffee as stipulated.

On a simple contract, the party legally entitled to the interest involved, should sue for a breach; and a general consignment, nothing else appearing, imports that the consignee is the owner of the property, and therefore, the contract to carry is, *prima facie*, presumed to have been made with him. If, however, it appears that the goods were to be at the consignor's risk, or that he was to pay, or had paid the freight, that presumption might be repelled, and the consignor might sue.

Nothing extraneous appears in this case; and therefore, we must infer that the consignees were the owners and not mere bailees. The fact that the covenant is unqualified and obliged the carryer to deliver to the consignees, whether they should pay him the freight or not, does not, in our judgment, imply that the consignor had paid it, and therefore was, *prima facie*, owner; had he paid it the presumption is that the receipt for the goods would have contained an acknowledgment also of such payment.

Consequently, and especially as the writing does not expressly import a promise to Smith, he could not maintain an action on it, had it been, as it would have been at common law, a simple contract.

And although this contract is here a covenant, and must therefore operate according to its own intrinsic import, still, upon the principle already suggested, it implies that the consignees were the owners of the goods. And does it not therefore also imply that the covenant was made *to them?* It is not a deed, *inter partes*, but is rather of that species of covenants described in *Chitty on Pleading*, 1 vol. p. 4, as a deed *poll*, not expressly between A. and B. as the parties to it, but simply covenanting that B.

"On a simple contract, the party legally entitled to the interest involved, should sue for a breach"—and on a general consignment, the consignee is presumed to be the owner of the property, and therefore entitled to any action against the carrier. It may be otherwise if the goods were to be at the risk of the consignor and he to pay freight.— The same rule applies in Kentucky where the carrier's undertaking is in writing.

will pay or perform to C. and for his use, and for a breach of which the legal cause of action will be on C.

· According to the interpretation we have given to this contract, as to its import respecting the right of property, it is a covenant to the consignees through the consignor, as their presumed agent in obtaining it, for it is not expressly *with* the consignor, but so far as he is concerned, only acknowledges a receipt of the goods from him, and therefore may be understood, so far as it is a covenant, to be an express one, *with* and *to* the consignees.

We are therefore of the opinion, that the Circuit Judge did not err in sustaining a demurrer to Smith's declaration on this covenant.

Wherefore, the judgment is affirmed.

*Harlan & Craddock* for appellant. ˙·

The carrier's receipt, promising to deliver goods to the consignee, generally is a covenant with the consignee through the consignor as his presumed agent, on which consignee may and should sue.