392          KENTUCKY REPORTS.          [Vol. 113

Blakeley and Wife v. Adams. (Case No. 1.)

Case 52—Action by John C. Adams against Hettie Blakeley and W. H. Blakeley to Enforce a Lien on Land.—May 21.

# Blakeley and Wife v. Adams. (Case No. 1.)

### Appeal from Warren Circuit Court.

Judgment for Plaintiff and Defendants Appeal. Affirmed.

Contract for Benefit of Third Person—Deed Providing for Lien in Favor of Stranger—Creation of Lien on Married Woman's Land.

Held:  1. As a third person may enforce a contract made between others for his benefit, a deed conveying land, which provides that a certain surety of the grantee shall have a lien on the land to indemnify him, creates a lien in favor of the surety, which may be enforced by him, though he is a stranger to the deed.

2. As a married woman who accepts a deed conveying land takes the land with the burdens thereby imposed, a provision in such a deed for a lien in favor of a third person is valid; the statute providing that a married woman shall not incumber her land, except by the execution of a deed in which her husband unites, having no application.

J. M. GALLOWAY, attorney for appellant.

Blakeley and Wife v. Adams. (Case No. 1.)

### POINTS AND AUTHORITIES.

The clauses relied on in the deed from Hazelip to Hettie S. Blakeley do not constitute a mortgage or lien from her to Adams on the Dishman Mill property. Kentucky Statutes, secs. 505 to 509 and 2127 and 2128; Bohannon v. Travis, 94 Ky., 59; Brady v. Gray, 81 Ky., 58; Kennedy v. Ten Broeck, 74 Ky., 241; Sharp's Admr. v. Proctor's Admr., 68 Ky., 397; Miller, etc. v. Sanders, 98 Ky., 537; Breeding v. Tobin, 13 L. R., 842.

Hettie S. Blakeley is not estopped from traversing the claim that Adams has a lien on said property Louisville Railway Co. v. Stephen, etc., 96 Ky., 401; Mershon, etc. v. Mershon, 72 Ky., 633; Holloway's Assignee v. Reedy, 22, 1406.

C. P. MOTTLEY AND W: B. GAINES, FOR APPELLEES.

### POINTS AND CITATIONS.

1. Report of the master commissioner, confirmed without exceptions, is binding, and this court can not examine into it.   Farmer & Arnold v. Samuel, &c., 4 Litt., 187; Slaughter's Admr. v. Slaughter's Heirs, 8 B. M., 433.

2. It is binding on a married woman, Turner v. Gill, 20 Ky. Law Rep., 1253; Bethel, *et al.* v. Duvall, *et al.*, 61 S. W., Rep., 699.

3. Married woman's property, set aside by deed is bound for her contract as surety.   Sec. 2, 127 Kentucky Statutes.

4. Recital in a deed that the land conveyed is bound for a debt constitutes a lien.   Willis, &c. v. Terry, 15 L. R., 753.

5. A married woman's mortgage is binding, even if given to secure husband's debts.   Smith, &c. v. Wilson, 3 Metc., 235.

6. No one can take under a deed more than it purports to grant.      Johnson v. Ferguson, 3 Metc., 503; Drye v. Cooke & Green, 14 Bush, 459; Sharpe's Admr. v. Procter's Admr., 5 Bush, 396.

7. Contract to indemnify is an original contract.   Spurrier v. Nottingham, 7 Ky. Law Rep., 453.

8. Contracts for benefit of third persons.   Vol. 72, En., p. 103; Paducah Lumber Co. v. Paducah Water Co., 89 Ky., 340; Dodge v. Moss, 82 Ky., 441; Mize v. Barnes, 78 Ky., 506; Smith v. Lewis, 3 B. M., 229; Allen v. Thomas, 3 Metc., 198; Lucas v. Chamberlain, 8 B. M., 276.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

On the 2d day of February, 1895, Z. T. and Thomas Hazelip conveyed by general warranty deed to Hettie S. Blakeley,

in consideration of $4, 500 paid in the transfer of other real estate, a tract of 25 acres of land near Bowling Green, Ky., known as the "Dishman Mill Property," on which were located a dwelling house, mill and other improvements. This deed contained the following reservation: "It is herein expressly provided, however, that whereas, John C. Adams is now the surety for Hettie S. Blakeley, and W. H. Blakeley, her husband, for sundry amounts aggregating about $2,000.00: Now, in order to secure and save him harmless by reason of his said suretyship, a lien is by this deed reserved unto said Adams, and retained for him, upon the property herein conveyed; to be void, however, when said debts for which said Adams is surety shall have been paid off and fully satisfied." This deed was accepted by the grantee, and duly recorded in the county court clerk's office, and on the 21st day of November, thereafter, W. H. Blakeley and Hettie S. Blakeley executed a mortgage to J. C. Adams upon a tract of 223 acres of land, known as the "Stallard Springs Property," and also upon the tract of land, containing 100 acres of land, known as the "Newborough Place." The consideration recited therefore was that J. C. Adams was the security for the grantors for various sums, aggregating from $2,500 to $2,600, and that the mortgage was made to protect him from loss by reason of such suretyship. On the 5th day of May, 1899, J. C. Adams instituted this suit in the Warren circuit court against the appellants, in which he recited that he was the security on various notes of the appellants, W. H. and Hettie Blakeley, to divers parties, who were made defendants, which notes aggregated about $3,800 or $3,900, and that the reservation in the Hazelip deed to Hettie S. Blakeley was made to secure the payment of these various notes. which he alleged he had been compelled to pay off and discharge as surety; and he asked a

personal judgment against W. H. and Hettie S. Blakeley for these various sums of money, and for a sale of the real estate to satisfy the debts which he had been compelled to pay off. The appellant Hettie Blakeley filed an answer, admitting the execution of the mortgage of November 25, 1895, to appellee to secure him in $2,500 or $2,600, for which he was then bound as security for her husband, W. H. Blakeley, but denied that all the debts sued for were in existence, or were embraced in that conveyance. She also pleaded that at its date she was a married woman, and signed the notes paid by plaintiff as surety for her husband. She further denied that the plaintiff had any valid lien on the tract of land known as the "Dishman Property" by virtue of the lien retained in the deed to her, and asked that the cause be referred to the commissioner to ascertain which of the debts sued on were in existence, and embraced by the expression "$2,500 or $2,600," recited in the mortgage. It appears from the report of the commissioner that J. C. Adams was the security of W. H. and Hettie S. Blakeley on a number of notes, all of which debts were created before the execution of the deed from the Hazelips to appellant Blakeley, or the mortgage of November 25, 1895, and that this indebtedness aggregated $3,900. This report was confirmed without objection. Subsequently appellant and appellee settled all the issues raised by the pleadings, except the question as to whether the reservation in the deed from the Hazelips to the defendant Hettie of the Dishman mill property, created a lien for any part of the debts sued on; it being agreed that this question should be left for the determination of the court. And appellants executed their promissory note dated April 3, 1900, for $3,908,—this being the gross amount of the debts paid by appellee,— and, to secure its payment, executed and delivered a mortgage on

396          KENTUCKY REPORTS.          [Vol. 113

Blakeley and Wife v. Adams. (Case No. 1.)

each of the three tracts of land covered by the original mortgage and the Hazelip deed. It was, however, express-ly agreed that, in so far as the lien against the Dishman property was concerned, it was to be left to the decision of the chancellor, who subsequently decided that a valid lien existed in favor of appellee upon the property, and from that judgment this appeal is prosecuted.

It is earnestly insisted that as appellee, John C. Adams, was a stranger to the conveyance from Hazelip to the appellant Hettie S. Blakeley, he can not maintain an ac-tion to enforce the lien reserved therein in his favor, and especially as the grantee, Hettie S. Blakeley, was a mar-ried woman. The authorities are very conflicting upon the question as to whether a third person can sue on a contract made for his benefit between others, to the con-sideration of which he is a stranger. The general rule in England and some of the American States—especial-ly in Massachusetts, Michigan, New Hampshire and Ver-mont—is that a promise made by one person to another for the benefit of a third person, who is a stranger, will not support an action by the latter. But the generally recognized doctrine in American courts is that a third party, for whose benefit a contract was made between others, may maintain an action on the contract against the promisor. See 7 Am. & Eng. Ency. Law (2d Ed.), p. 106, and authorities there cited. And in no State has this doctrine been carried farther than in Kentucky. In Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky., 340 (11 R., 738) (12 S. W., 554), 13 S. W., 249, 7 L. R. A., 77, 25 Am. St. Rep., 536, it was held that where a water company contracted with a city to furnish a supply of water sufficient for the protection of the property of the inhabitants of the city against fire, an inhabitant

of the city, who had suffered loss by fire by reason of the water company's breach of contract with the city, might maintain an action against the water company in his own name, although he was not a party to the contract. And the same principle was recognized by this court in Smith v. Lewis, 42 Ky., 229, in which Lewis executed a writing acknowledging that he had received of Smith certain sugar and coffee, which he promised to deliver to Wooldridge & Sweeney. It was held that Smith could not maintain an action of covenant upon the face of this writing, for a failure to deliver the articles as stipulated; that the party legally entitled to the interest involved should sue for the breach. And this doctrine was followed in Allen v. Thomas, 60 Ky., 198, 77 Am. Dec., 169, and Mize v. Barnes, 78 Ky., 506, in which it was held that if, by an arrangement between the vendor and vendee, the latter executes his note for purchases to a third person, a lien could be retained in the deed in favor of such person.

It follows logically from this doctrine and these decisions that the reservation in the deed from the Hazelips to the appellant in favor of appellee created an enforceable lien against the property to satisfy the debts secured thereby, and the grantee in the deed took subject to a lien for the payment of these debts. But an exception is claimed from the operation of this principle of law because appellant Hettie S. Blakeley was a married woman, and could not incumber her property for any purpose, except in the manner provided by the statutes, which required the execution of a deed by her in which her husband unites. The statute applies where a married woman is divesting herself of the title to real estate owned by her, but has no application to conveyances made to her

Blakeley, &c. v. Adams.  (Case No. 2.)

by other parties.  In such cases, if she accepts the deed and takes the property, she takes it with the burden. We are of the opinion, therefore, that the chancellor did not err in holding appellee Adams had a valid and enforceable lien against the Dishman property.

For reasons indicated, the judgment in this case is affirmed.

Whole court sitting.

Petition for rehearing by appellant overruled.