# HEKIMIAN *v.* WOODWARD.

LANDLORD AND TENANT; SEALED INSTRUMENTS; PAROL EVIDENCE.

1. Where a lease is made in the name and on behalf of the owner of the

---

Note.—On right of third party to sue upon a contract made for his benefit, see notes in 25 L.R.A. 257 and 2 L.R.A.(N.S.) 783.

demised property, who is recited therein as the lessor, he may maintain an action on it, although it was executed by his agent under seal.

2. In an action on a written lease by the lessor to recover two monthly instalments of rent, an affidavit of defense by the lessee is insufficient, which states that the lease was executed and delivered by him on condition that it was not to be effective until the lessor should perform an antecedent parol agreement on his part to install certain toilet facilities in the premises, and that such agreement had not been performed, and it also appears that the lease contained many provisions relating to the condition of the premises, and the circumstances indicate that it was intended to be a complete contract between the parties, covering everything relating thereto, and three previous monthly instalments of rent had been paid by the lessee. (Distinguishing *Donaldson* v. *Uhlfelder*, 21 App. D. C. 489.)

No. 2979. Submitted January 5, 1917. Decided January 29, 1917.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered for want of a sufficient affidavit of defense in an action on a lease.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

S. Walter Woodward as plaintiff below sued the defendant, Nejib Hekimian, to recover upon a lease for two monthly instalments of rent of $333.33 each. The plaintiff, Woodward, made an affidavit under the 73d Rule that defendant is justly indebted to him for the rent of premises in the Woodward Building, city of Washington, for the months of January and February, 1916, rent amounting to $666.66, which is due and unpaid, exclusive of all set-offs and just grounds of defense. As further particulars of demand, plaintiff filed the following lease, made the 29th day of October, 1915, by and between Brainard W. Parker, "attorney for S. Walter Woodward, party of the first part," and Nejib Hekimian, party of the second part, whereby the party of the first part, in consideration of the covenants mentioned and rent reserved, has leased and does hereby lease

unto the said party of the second part premises described as storeroom No. 1418 H street, N. W., on the first or grade floor, and space in the cellar immediately under said storeroom in the building known as the Woodward Office Building, to be used as a rug emporium and for no other purpose whatsoever, for the term of one year, commencing for the same on the first day of October, 1915, and terminating on the last day of September, 1916, said party of the second part paying as rent therefor the sum of $333.33 on the first day of each and every month during said term at the office of the said party of the first part. Then follow twenty-three clauses of covenants by the party of the second part, relating to the payment of the rent, keeping the premises in order, and their occupation, providing against alterations, additions, or improvements.

This lease was executed by Brainard W. Parker, seal, and Nejib Hekimian, seal.

An additional memorandum was made on the 29th day of October, 1915, by and between Hekimian and Parker, as attorney for Woodward, the owner, which witnesses that for and in consideration of the letting by Brainard W. Parker, "attorney for S. Walter Woodward," of the grade floor room known as 1418 H street, N. W., in the Woodward Building, and the agreement by the owner of the said building, through his attorney, to furnish to said Hekimian necessary electric current for lighting said leased premises, the said Hekimian does hereby agree with the said Parker to pay monthly the bill rendered by the said Parker for the electric current furnished, according to the reading of the individual meter installed by the owner for this purpose. It was specially agreed that this agreement shall be considered by the parties hereto as forming a part of the lease aforesaid, and as changing and modifying said lease only in regard to the electric clause.

. There are other provisions of the said lease, relating to the payment of rent and the surrender of the premises, notice of removal and leave to vacate by giving notice, etc.

As further supplement to the said lease, the party of the first

part agrees to provide steam heat from the 15th of October to the 15th of April each year.

Defendant demurred to the declaration of the plaintiff, assigning for grounds thereof that assumpsit cannot be maintained on a sealed instrument, and a person not a party to a sealed instrument cannot maintain an action thereon at law. This demurrer was overruled. Defendant filed pleas then: (1) That he did not promise as alleged; (2) that he is not indebted as alleged; (3) that the written instrument sued on was executed and delivered by the defendant upon the express understanding, agreement, and condition that the same was not to be effective until the performance by Brainard W. Parker, the attorney for the plaintiff, and who is so described in the instrument sued upon, of a certain parol antecedent agreement therefor entered into between this defendant and the said Parker, claiming to act as aforesaid, by the terms of which said agreement the said Parker, claiming to act as attorney as aforesaid, undertook and promised to install in the premises mentioned in the declaration toilet facilities in the basement thereof, or, by cutting an opening in the rear wall of the premises, to give the defendant access to the general toilet facilities afforded all the tenants of the building of which said premises mentioned in the declaration form a part; and by the further terms of which said parol agreement, and as an inducement to this defendant to sign the instrument sued on, which was not signed until long after the beginning of the term attempted thereby to be created, and then only after continued solicitation by said Parker, it was understood and agreed that said instrument should not be regarded as effective or binding upon either party thereto until the completion of the installation of said toilet facilities, or access to the general accommodations of the building; and the defendant says that no toilet facilities or accommodations, nor any access to any toilet facilities or accommodations have been furnished in accordance with said parol agreement, and this he is ready to verify.

These pleas were accompanied by an affidavit of defense, in which the defendant alleged that said contract never became effective because it was executed and delivered on a condition

precedent which was never performed, as appears by the statements of the third plea filed herewith, which third plea is hereby expressly referred to and made a part hereof.

The court sustained the motion of plaintiff for judgment, and entered judgment in his favor against the defendant for the sum of $666.66, with interest on $333.33 thereof from the first day of January, 1916, and on $333.33 thereof from the first day of February, 1916, being the money payable by said defendant to plaintiff by reason of the premises, together with the costs of suit, to be taxed by the clerk, with execution therefor.

From this judgment defendant appealed.

*Mr. Eugene A. Jones, Mr. C. R. Ahalt, Mr. Benjamin B. Pettus,* and *Mr. W. Brent Young,* for the appellant:

1. No action can be maintained on a sealed instrument except by the parties thereto. Therefore, if made by an agent or attorney, it must be made in the name of the principal in order that he may be a party; otherwise he is not bound by it. *Combes' Case,* 9 Rep. 75; *Clark* v. *Courtney,* 5 Pet. 346; *Willard* v. *Wood,* 135 U. S. 213; *Siegman v. Hoffacker,* 57 Md. 322; *Crowell* v. *St. Barnabas Hospital,* 27 N. J. Eq. 650; *Huckabee* v. *May,* 14 Ala. 263; *Haskete* v. *Flint,* 5 Blackf. 69; *Schaefer* v. *Henkel,* 75 N. Y. 378; *Spencer* v. *Field,* 10 Wend. 88; *Willard* v. *Wood,* 135 U. S. 213; *Magruder* v. *Belt,* 7 App. D. C. 311; D. C. Code, Sec. 498.

2. The question raised on the motion for judgment under the 73d Rule was whether or not parol evidence is admissible to show that the lease sued on was not to become binding on the parties until the performance by the lessor of certain conditions precedent. If the instrument of lease is determined to be a sealed instrument, as we insist it is, the parol evidence would not be admissible (under *Newman* v. *Baker,* 10 App. D. C. 187), but the court below in overruling the demurrer to the declaration did so on the ground that the lease was *not* a sealed instrument and therefore the action could be maintained as brought. If the court was right in its disposition of the demurr-

er, treating the instrument as a simple contract, the defense set forth in the affidavit of defense is good under *Donaldson* v. *Uhlfelder,* 21 App. D. C. 489, and cases cited.

*Mr. James S. Easby-Smith* and *Ralph B. Fleharty,* for the appellee:

1. A third person may maintain an action on a sealed instrument. *Jefferson* v. *Asch,* 53 Minn. 446, 25 L.R.A. 257, 55 N. W. 604, 39 Am. St. Rep. 618; *Michaud* v. *Erickson,* 108 Minn. 361; *Rogers* v. *Gosnell,* 51 Mo. 466; *Kimball* v. *Noyes,* 17 Wis. 717; *McDowell* v. *Laey,* 35 Wis. 171; *Bassett* v. *Hughes,* 43 Wis. 319; *Houghton* v. *Milburn,* 54 Wis. 554; *Emmett* v. *Brophy,* 42 Ohio St. 88; *Schaefer* v. *Henkel,* 75 N. Y. 378; *Kernochan* v. *Wilkens,* 3 App. Div. 596; *North Alabama Develop. Co.* v. *Short,* 101 Ala. 333; *Demmick* v. *Register,* 92 Ala. 458; *Coleman* v. *Hatcher,* 77 Ala. 217; *Young* v. *Hawkins,* 74 Ala. 370; *Mason* v. *Hall,* 30 Ala. 599; *Huckabee* v. *May,* 14 Ala. 263; *Starbrid* v. *Cranston,* 24 Colo. 20; *Anthony* v. *Herman,* 14 Kan. 379; *Brenner* v. *Luth,* 28 Kan. 415; *Blakeley* v. *Adams,* 113 Ky. 392; *Garvin & Co.* v. *Mobley,* 64 Ky. 48.

2. A seal, being unnecessary, may be disregarded and the lease treated as a simple contract. D. C. Code, Secs. 492, 1116, 1117 (Statute of Frauds); *Ford* v. *Williams,* 62 U. S. 287; *Rockwell* v. *Capital Traction Co.* 25 App. D. C. 98; *Wagoner* v. *Watts,* 44 N. J. L. 126; *Nichols* v. *Haines,* 98 Fed. 692; *Slowell* v. *Eldred,* 39 Wis. 614; *Bless* v. *Jenkins,* 129 Mo. 658; *Lancaster* v. *Knickerbocker Ice Co.* 153 Pa. 432; *Cook* v. *Gray,* 133 Mass. 106; *Purviance* v. *Sutherland,* 2 Ohio St. 478; *Long* v. *Hartwell,* 34 N. J. L. 122; *Blanchard* v. *Blackstone,* 102 Mass. 346.

3. The lease is the deed of plaintiff. Mechem, Agency, 2d ed. sec. 1106; *Magill* v. *Hinsdale,* 6 Conn. 464, 16 Am. Dec. 70; *Stanchfield* v. *Little,* 1 Greenl. (Me.) 231; *Rathbon* v. *Budlong,* 15 Johns. 1; *Hovey* v. *McGill,* 2 Conn. 680; *Hale* v. *Woods,* 10 N. H. 470; *Bradstreet* v. *Baker,* 14 R. I. 546; *Haight* v. *Sahler,* 30 Barb. 218; *Abbey* v. *Chase,* 6 Cush. 54;

*Nuefeld* v. *Beidler*, 37 Ill. App. 34; *Ellis* v. *Pulsifer*, 4 Allen, 165.

4. Under Law Rule 73, judgment was properly entered. *Bieber* v. *Gans*, 24 App. D. C. 517; *Kinney* v. *McNabb*, 44 App. D. C. 340; *Purity Ice Co.* v. *Hawley Furnace Co.* 22 App. D. C. 591; *Knight* v. *W. T. Walker Co.* 23 App. D. C. 525; *Seitz* v. *Brewers' Refrigerating Mach. Co.* 141 U. S. 510.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The appellant assigns error in overruling the demurrer and in rendering judgment under the 73d Rule.

There is very respectable authority for the proposition that an instrument which recites on its face the name of the principal for whom his agent is acting and is signed by the agent under seal is in reality the deed of the principal. *Magill* v. *Hinsdale*, 6 Conn. 464, 16 Am. Dec. 70.

But we need not decide this. When a person for a valuable consideration engages with another in a simple contract for the benefit of a third, the latter, who will enjoy the benefit of the act, may maintain an action for a breach of the engagement. There has been some conflict of authority as to whether this principal extends beyond a mere simple contract, or is applicable to a contract under seal. Where the contract, as in this case, is made in the name and on behalf of the principal who is recited as the party of the first part, there would seem no good reason for denying the right of the principal to bring an action upon the contract, notwithstanding it was executed by the agent under seal. *Rogers* v. *Gosnell*, 51 Mo. 466, 469; *McDowell* v. *Laev*, 35 Wis. 171, 175; *Bassett* v. *Hughes*, 43 Wis. 319; *Houghton* v. *Milburn*, 54 Wis. 554, 11 N. W. 517, 12 N. W. 23; *Randall* v. *Van Vechten*, 19 Johns. 60, 10 Am. Dec. 193; *Schuefer* v. *Henkel*, 75 N. Y. 378, 383; *Emmitt* v. *Brophy*, 42 Ohio St. 82; *Huckabee* v. *May*, 14 Ala. 263; *Pruitt* v. *Holly*, 73 Ala. 369; *Blakeley* v. *Adams*, 113 Ky. 392, 68 S. W. 393.

There is quite a difference between a contract like this exe-

cuted on behalf of the principal who is named and one wherein
there is no mention of the principal's name and the contract is
entirely in the name of the agent.

We think there was no error in overruling the demurrer.

We find no error in the action of the Court in granting the
motion for judgment.

It is quite true that there are many cases which hold that as
between maker and payee that a promissory note or other ac-
knowledgment may be delivered upon a parol condition, and that
it will not take effect as a contract until the performance of that
condition.

In *Donaldson* v. *Uhlfelder,* 21 App. D. C. 489, 493, in a
suit upon a contract for a lease, it was held that its execution
and delivery could be shown to have been made upon condition
that it was not to become binding until the condition was per-
formed.

The lease was executed on January 14, 1902; the appellant
leased the premises to the appellee by the month for the sum of
$46 payable monthly in advance, beginning on January 20, the
date on which possession was to be taken. There were no cove-
nants in the lease, beyond stipulation that the lessee should give
thirty days' notice of his intention to terminate the lease and
vacate the premises. The lessee paid the first month's rent on
January 20th and at once entered in possession, and removed
on the last day of the month without giving thirty days' notice
of his intention so to do.

Over the objection of the appellant, the appellee was permit-
ted to introduce parol evidence tending to prove that the lease,
already signed by the appellant, was brought to his office on
January 14 by the appellant's clerk, who presented it for his
signature; that he refused to sign unless the appellant would
first promise to put the premises in good repair. The clerk
having no authority to make such promise, appellee called appel-
lant by telephone and told him he would not sign the lease unless
he would put the premises in repair. Appellant then and there
made such promise, whereupon appellee signed his name to the
contract and delivered it to the clerk. That he removed his

family and effects to the premises on January 20, relying upon the promise aforesaid. That the house needed repairs badly; the heating apparatus was in bad order and failed to heat the house; the cellar floor had been flooded; some of the rooms were damp from leakage; and the paper was wet and damaged. That appellant, though requested, failed to make the promised repairs, and appellee removed at the end of the month.

This testimony was held admissible as not tending to vary the contract sued upon, but as showing a separate collateral agreement concerning a matter on which the written contract was silent, and not inconsistent with its terms.

This case is quite different. The lease contract contains very many provisions relating to the condition of the premises and the like, and all the circumstances indicate that it was intended to be a complete contract between the parties, covering everything relating thereto. Moreover, rent was duly paid for October, November, and December.

The case is more like that of *Seitz* v. *Brewers' Refrigerating Mach. Co.* 141 U. S. 510, 517, 35 L. ed. 837, 840, 12 Sup. Ct. Rep. 46, where it was said by Chief Justice Fuller that "undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing."

The circumstances of this particular case, and the character of the various covenants in the lease, and the length of posses-

sion thereunder, all indicate that the parties did intend this lease to be a complete and final statement of the whole of the transaction between them.

This agreement is so closely connected with the particular transaction as to form a part and parcel of it.  There is no uncertainty as to the object or extent of the engagement, and we think the evidence offered by the affidavit of the defendant was inadmissible to vary the terms of the contract.

The judgment was right, and is affirmed with costs.

*Affirmed.*